J-S32044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VICTOR EVERETT, | : | |
| | : | |
| Appellant | : | No. 235 WDA 2015 |

Appeal from the Judgment of Sentence entered on October 29, 2014
in the Court of Common Pleas of Allegheny County,
Criminal Division, No. CP-02-CR-0002730-2014

BEFORE:  SHOGAN, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED JUNE 03, 2015**

Victor Everett ("Everett") appeals from the judgment of sentence imposed after he pled guilty to one count each of possession with intent to deliver heroin ("PWID") and possession of heroin.[1]  We affirm.

On February 14, 2014, following a traffic stop of a vehicle in which Everett was a passenger, police discovered that he had an active warrant for his arrest.  A search of Everett's person produced three bundles of heroin (weighing a total of nine grams), a large amount of U.S. currency, and three separate cell phones.  After Everett was placed under arrest, the Commonwealth charged him with the above-mentioned offenses, as well as possession of drug paraphernalia.

---

[1] **See** 35 P.S. § 780-113(a)(30), (a)(16).

In July 2014, Everett entered into a negotiated plea agreement, whereby the Commonwealth agreed to withdraw the count of possession of drug paraphernalia in exchange for Everett's guilty plea to PWID and possession of heroin. The plea agreement did not include any provisions regarding sentencing. Following the trial court's acceptance of Everett's guilty plea, the court ordered the preparation of a pre-sentence investigation report ("PSI"). On October 29, 2014, the trial court sentenced Everett to three to six years in prison, followed by five years of probation. Notably to the instant appeal, this sentence was three months longer than the aggravated-range sentence under the applicable sentencing guidelines.

Everett timely filed post-sentence Motions, asserting, *inter alia*, that his sentence was excessive, and the trial court failed to state adequate reasons on the record for its sentence. Following the trial court's denial of his post-sentence Motions, Everett filed a timely Notice of Appeal.

Everett presents the following issue for our review:

Did the trial court err in denying [Everett's] post[-]sentencing Motions[,] since the trial court erred in imposing an excessive sentence for [PWID] heroin[, which] was 3 months above the aggravated range of the sentencing guidelines, but [Everett] had accepted responsibility for his crime and pled guilty[?] Moreover, the trial court failed to state adequate reasons for sentencing outside of the aggravated range of the sentencing guidelines. Additionally, the trial court failed to consider all of

the factors contained at 42 Pa.C.S[.A]. §§ 9721(b) and 9781(d).[2]

Brief for Appellant at 3 (capitalization omitted, footnote added).

Everett argues that his sentence "was manifestly excessive, since he had accepted responsibility for this crime and pled guilty." *Id.* at 17. Everett further contends that the sentencing court failed to state adequate reasons on the record for imposing a sentence in excess of the aggravated range. *Id.* at 17, 18. Finally, Everett argues that the sentencing court abused its discretion by "fail[ing] to consider the factors at 42 Pa.C.S.[A]. § 9721 …, and the nature and characteristics of [Everett]." Brief for Appellant at 18.

Everett's claims present a challenge to the discretionary aspects of his sentence, from which there is no absolute right to appeal. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Rather, where, as here, the appellant has preserved the sentencing challenge for appellate review by raising it at sentencing or in a timely post-sentence motion, the appellant must (1) include in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence, pursuant to Pa.R.A.P. 2119(f); and (2) show that

---

[2] Though Everett argues that the sentencing court improperly failed to consider the provisions of section 9781(d), this section applies to *appellate courts*, when conducting a review of the record concerning a challenge to a sentence on appeal. *See* 42 Pa.C.S.A. § 9781(d) (setting forth four factors that an appellate court should consider when determining whether a sentence is unreasonable); *Commonwealth v. Zeigler*, 2015 PA Super 57, *12 (Pa. Super. 2015).

there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. **Hill**, 66 A.3d at 363-64.

Here, Everett included a Rule 2119(f) Statement in his brief. **See** Brief for Appellant at 9-10. Moreover, we determine that Everett's above-mentioned claims present a substantial question for our review. **See Commonwealth v. Sheller**, 961 A.2d 187, 190 (Pa. Super. 2008) (noting that an "[a]ppellant's contention that the sentencing court exceeded the recommended range in the Sentencing Guidelines without an adequate basis raises a substantial question for this Court to review."); **Commonwealth v. Holiday**, 954 A.2d 6, 10 (Pa. Super. 2008) (stating that "[a] claim that the sentencing court imposed a sentence outside of the guidelines without specifying sufficient reasons presents a substantial question for our review.").

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Garcia-Rivera**, 983 A.2d 777, 780 (Pa. Super. 2009) (citation omitted).

The Sentencing Code sets forth the considerations a sentencing court must take into account when formulating a sentence, providing that "the

- 4 -

court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Additionally, in every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide, in open court, a contemporaneous statement of reasons in support of its sentence. *Id.* When doing so,

> a [sentencing] judge ... [must] demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1264 (Pa. Super. 2012) (citation and brackets omitted). An appellate court must vacate and remand a case where it finds that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(3).

Initially, we observe that the sentencing court in the instant case had the benefit of a PSI. Where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128,

1135 (Pa. Super. 2009). Moreover, "[t]he sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors." *Id.* (citation omitted).

Because the sentencing court in the instant case stated, on more than one occasion, that it had reviewed Everett's PSI "in its entirety," it is presumed that the court considered his rehabilitative needs, character, and the other relevant factors enumerated in section 9721(b). *See id.*; *see also Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2006) (rejecting the appellant's claim that the sentencing court had abused its discretion by imposing sentence without stating adequate reasons on the record, and holding that, "[s]ince the sentencing court had and considered a [PSI], this fact alone was adequate to support the sentence[.]").

Moreover, the record belies Everett's bald claim that the sentencing court failed to state adequate reasons on the record for imposing a sentence above the aggravated range. To the contrary, the sentencing court thoroughly stated its reasons and explained why it deemed that such sentence was appropriate under the circumstances. *See* N.T., 10/29/14, at 8-11. To elaborate, in its Pa.R.A.P. 1925(a) Opinion, the sentencing court summarized its reasons for imposing Everett's sentence as follows:

> This Court gave careful consideration to the [PSI,] which outlined [Everett's] past convictions for drug dealing. The Court also considered [Everett's] history of crack cocaine use. This Court also considered that the conduct that brought [Everett]

before the Court was that he was now selling heroin and he did so while he was on probation for a previous drug offense. This Court's chief concern was that [Everett] was not responding to rehabilitation efforts. At the time of his arrest, [Everett] was found in possession of several bundles of heroin, cash and three different cell phones. [Everett] attempted to convince the Court that he was taking steps to reform his life. This Court believed that [Everett] was not sincere when he was addressing the Court. This Court also noted that the [PSI] reflected that [Everett] was not sincere when he spoke to authorities. His lack of sincerity was borne out at sentencing[,] when [he] attempted on two occasions to walk out of the courtroom during sentencing and then, at the conclusion of the sentencing, he defiantly directed profanity toward the Court. [Everett's] inability to conform his conduct to the law after multiple convictions and jail sentences justified the sentence imposed in this case.

Trial Court Opinion, 3/9/15, at 3-4; *see also* N.T., 10/29/14, at 8-11.

Additionally, regarding Everett's objection to his sentence being outside of the aggravated range of the sentencing guidelines, this Court has observed that

although the sentencing guidelines are an important factor in sentencing, they are but only one factor when determining an individualized sentence: The guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors – they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence.

*Holiday*, 954 A.2d at 13 (citation, paragraph break, and brackets omitted);

*see also Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007)

(stating that the sentencing guidelines are purely advisory in nature).

Based upon the foregoing, our review of the record demonstrates that

the sentencing court carefully considered the general standards articulated

in section 9721(b) of the Sentencing Code, and stated ample reasons on the record for imposing a sentence in excess of the aggravated range. We discern no abuse of discretion by the sentencing court, and determine that Everett's sentence is neither excessive nor unreasonable.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2015