J-S47042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SEAN JOSEPH LUSE, | : | |
| | : | |
| Appellant | : | No. 184 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 19, 2018
in the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0004275-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SEAN JOSEPH LUSE, | : | |
| | : | |
| Appellant | : | No. 185 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 19, 2018
in the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0003255-2018

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:       **FILED: SEPTEMBER 20, 2019**

In these consolidated appeals, Sean Joseph Luse ("Luse") appeals from the judgment of sentence imposed following his guilty pleas to one count each of terroristic threats,[1] at CP-67-CR-3255-2018 ("No. 3255"), and  burglary,[2] at CP-67-CR-4275-2018 ("No. 4275").  We affirm.

---

[1] 18 Pa.C.S.A. § 2706(a)(1).

[2] *Id.* § 3502(a)(2).

Concerning the guilty plea at No. 3255, Luse admitted that, in January 2018, he communicated several threats of physical harm to the female victim via phone calls and text messages. Four months later, regarding No. 4275, Luse broke into the residence of the mother of his son, while the residence was vacant, and caused extensive damage to the residence and contents therein.[3]

Following the entry of Luse's open guilty pleas, the trial court ordered the preparation of a pre-sentence investigation report ("PSI"). On December 19, 2018, the trial court sentenced Luse, at No. 3255, to 9 to 18 months in prison. At No. 4275, the court sentenced Luse to 36 to 72 months in prison, and ordered this sentence to run consecutively to the sentence at No. 3255. Notably to the instant appeal, the sentence at No. 4275 was in the aggravated range of the sentencing guidelines.

On December 26, 2018, Luse filed a post-sentence Motion for reconsideration of sentence, asserting that it was excessive, where the trial court had failed to appropriately consider certain mitigating factors. After a hearing, the trial court denied Luse's Motion. Luse timely filed

---

[3] Both instances involved Luse's acting in retaliation to perceived wrongs that the victims committed against Luse.

Notices of Appeal,[4] followed by court-ordered Pa.R.A.P. 1925(b) Concise Statements of errors complained of on appeal. The trial court then issued a Rule 1925(a) Opinion.

Luse presents the following question for our review:

Did the sentencing court abuse its discretion in imposing an aggravated-range term of incarceration after not only failing to consider strong mitigation—[]Luse's employment and lack of infractions during presentence incarceration, as well as his addiction and mental health problems—but even using this as aggravation?

Brief for Appellant at 4.

Luse challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal.[5] *See Commonwealth v. Sunealitis*, 153 A.3d 414, 420 (Pa. Super. 2016). Rather, where, as here, the appellant has preserved the sentencing challenge for appellate review, by raising it in a timely post-sentence motion, he must (1) include in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to

---

[4] Luse complied with the dictates of our Supreme Court in *Commonwealth v. Walker*, 185 A.3d 969, 971, 977 (Pa. June 1, 2018) (holding that, prospectively from the date of the *Walker* decision, "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case[,]" and that a failure to do so will result in quashal). *See also* Pa.R.A.P. 341, note.

[5] The open guilty pleas Luse entered permit him to challenge his sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa. Super. 2005) (explaining that, when the plea agreement is open, containing no bargain for a specific or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of his sentence).

the discretionary aspects of his sentence, pursuant to Pa.R.A.P. 2119(f); and (2) demonstrate that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. *Id.*

Here, Luse included a Rule 2119(f) Statement in his brief. *See* Brief for Appellant at 16. Accordingly, we will examine the Rule 2119(f) Statement to determine whether a substantial question exists. Luse asserts as follows:

> In sentencing [] Luse to an aggravated-range term of incarceration, the court cited Luse's employment and lack of infractions in presentence incarceration as evidence that he only functioned in a controlled environment, and similarly cited his mental health and addiction struggles as aggravation instead of mitigation. But employment and a lack of infractions while incarcerated show rehabilitative potential, and mental health and addiction struggles are properly viewed as mitigation as opposed to aggravation.

Brief for Appellant at 16.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (citation omitted); *see also* 42 Pa.C.S.A. § 9781(b).

Luse's claim presents a substantial question for our review. *See Commonwealth v. Stewart*, 867 A.2d 589, 592 (Pa. Super. 2005) (stating that a claim that the sentencing court considered improper factors in placing a sentence in the aggravated range presents a substantial question on

- 4 -

appeal); *see also Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (noting that although an allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question, a substantial question is raised where an appellant alleges that the sentencing court imposed sentence in the aggravated range without adequately considering mitigating circumstances).  Accordingly, we will address the merits of Luse's claims.

We review discretionary aspects of sentence claims under the following standard:  "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion."  *Commonwealth v. Barnes*, 167 A.3d 110, 122 n.9 (Pa. Super. 2017) (*en banc*) (citation omitted).  A sentencing court has broad discretion in choosing the range of permissible confinement that best suits a particular defendant and the circumstances surrounding his or her crime.  *Commonwealth v. Walls*, 846 A.2d 152, 154-55 (Pa. Super. 2004).

The Sentencing Code sets forth the considerations a sentencing court must take into account when formulating a sentence, stating that

> the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

Moreover, this Court has observed that

> although the sentencing guidelines are an important factor in sentencing, they are but only one factor when determining an individualized sentence: The guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors – they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence.

*Commonwealth v. Holiday*, 954 A.2d 6, 13 (Pa. Super. 2008) (citation, paragraph break, and brackets omitted).

Finally, where, as here, the sentencing court had the benefit of a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted); *see also id.* (stating that "[t]he sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors.").

Here, Luse argues that the trial court considered certain factors as aggravating factors, which the court should have viewed as mitigating factors. *See* Brief for Appellant at 18-20. Specifically, Luse points to his (1) lack of infractions while confined prior to sentencing; (2) mental health issues and drug/alcohol addiction; and (3) employment while in prison. *See id.*; *see also id.* at 18, 19 (asserting that these considerations "plainly showed rehabilitative potential, and thus should have been viewed as mitigation

warranting a lesser sentence[,]" but the trial court instead "gave Luse a longer sentence … because of this good behavior.").

In its Opinion, the trial court stated its reasons for imposing an aggravated-range sentence, elaborated upon the nature of the crimes and Luse's history, and opined that the sentence was appropriate under the circumstances. **See** Trial Court Opinion, 5/2/19, at 2-6. Briefly, the trial court emphasized the following sentencing considerations:

- Luse's history reveals an inability to conform to society in an unstructured environment;

- Luse has mental health issues and refuses to take prescribed psychiatric medications, which compounds these issues;

- The trial court did not, in fact, consider Luse's lack of infractions in prison and mental health issues as aggravating factors;

- Even though Luse had remained crime-free for a period of ten years, he otherwise had an extensive criminal history, and other factors outweighed the crime-free mitigating factor;

- The consequences of the crimes upon the victims were severe, and caused one of the victims to become homeless;

- Luse showed no remorse for the crimes;

- Luse's extreme actions in preying upon two female victims shows his vindictiveness and desire to inflict extreme harm;

- The sentence recommended by the probation department was merely a recommendation, and was insufficient under the circumstances.

**Id.** at 3-6; **see also** N.T. (sentencing), 12/19/18, at 22, 23 (wherein the trial court stated as follows: "[t]he [c]ourt can deduce from the pattern of [Luse's] prior [criminal] conduct[,] and the conduct in this case[,] that when [Luse] is

using substances[, *i.e.*, alcohol and/or drugs], when [he] is off his [psychiatric] medication, and because of his behavioral health issues, [he] is a threat to public safety and he's a threat to people with whom he has a grudge[,]" and "[Luse's] desire to intimidate others[] and his preying upon females is also a relevant consideration[.]"). The trial court's sound analysis is supported by the record, and we thus adopt it for the purposes of this appeal, *see* Trial Court Opinion, 5/2/19, at 2-6, and conclude that the court did not abuse its discretion in imposing an aggravated-range sentence at No. 4275. Accordingly, Luse's challenge to the discretionary aspects of his sentence entitles him to no relief.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/20/2019

## IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

| COMMONWEALTH | : | |
| | : | |
| v. | : | NO. CP-67-CR-3255-2018 |
| | : | NO. CP-67-CR-4275-2018 |
| SEAN LUSE | : | |
| Defendant/Appellant | : | |

COUNSEL OF RECORD:

James Zamkotowicz, Esquire          Brian McNeal, Esquire
Counsel for the Commonwealth        Counsel for Defendant

## <u>OPINION IN SUPPORT OF ORDER PURSUANT TO RULE 1925(a) OF THE RULES OF APPELLATE PROCEDURE</u>

### I.     **Introduction**

The Defendant has timely appealed to the Superior Court of Pennsylvania from his sentence of 45 to 90 months' incarceration for burglary and terroristic threats. The Court directed the Defendant to file a Pa. R.A.P. 1925(b) statement ("Statement"), and he has done so. In his Statement, the Defendant challenges his sentence, arguing that that the Court abused its discretion in sentencing the Defendant to 45 to 90 months incarceration; 9 to 18 months for terroristic threats in case CR-3255-2018, followed by a consecutive 3 to 6 years for burglary in case CR-4275-2018. After carefully reviewing the Statement, record, and governing law, the Court finds the Defendant's argument lacks merit. The Court therefore urges affirmance of the judgment of sentence.

## II. Background

### *Plea and Sentencing*

On November 5th, 2018 the Defendant pled guilty in both cases. He was then sentenced on December 19th, 2018 to 9 to 18 months' incarceration for CR-3255-2018 and a consecutive 3 to 6 years' incarceration for CR-4275-2018.

The Defendant timely filed notice of appeal, and then submitted his Statement as directed.

## III. Matters Complained of on Appeal

In his Statement, the Defendant challenges his sentence, arguing that the Court abused its discretion in sentencing the Defendant to 9 to 18 months' incaceration for the crime of terroristic threats in case CR-3255-2018, followed by a consecutive 3 to 6 years for burglary in CR-4275-2018. (Statement at 1-4.) Appellate Courts accord the sentencing judge great deference, as the sentencing judge is in the best position to view the defendant's character, displays of remorse, defiance, indifference, and the overall effect and nature of the crime. *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa.Super. 2000). A sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, or ill will. *Commonwealth v. Moury*, 992 A.2d 162 (Pa.Super. 2010). Under this standard, there is no basis to disturb the Defendant's sentences.

With respect to the Defendant's conduct in these cases, his sentences are appropriate for his actions and the harm they caused. In CR-3255-2018, the terroristic threats he

2

expressed to the victim were in a series of threating text messages over a couple days. Among the various messages where he called the victim various derogatory names, he stated to the victim: "Your fucking days are numbered. Your days are numbered. I know where you live." (Notes of Testimony 12/19/18 at 11). In case CR-4275-2018, at the Defendant's sentencing hearing, the Commonwealth presented to the court photographs of the damage he caused to the residence of the burglary victim. (Commonwealth's Exhibits 1-8). The pictures showed the extensive damage that the Defendant caused to multiple rooms of the victim's residence. The Defendant ransacked her bedroom, kitchen, living room, and bathroom. Among the damage, the Defendant flipped over the victim's bed, knocked a television to the ground, destroyed a toilet, and ripped numerous items from cabinets and threw them to the ground. (*Id*).

The Court expressly stated on the record its reasons for sentencing the Defendant. The Defendant's history reveals an inability to conform to society in an unstructured environment. The Defendant raises issue with the Court citing his addiction and mental health issues as aggravating factors. Issues such as these when examined individually and in the abstract could potentially be seen as mitigating factors. However, when examining them together within the context of the Defendant's history, they reflect on his lack of rehabilitative potential. With respect to his mental health issues, the Defendant compounds the effect they have on him, as he wilfully disregards taking the medication he is prescribed to control them.

3

The Defendant misstates that the court cited his lack of write ups while incarcerated as an aggravating factor. The Court did not cite his lack of write ups as an aggravating factor. The Court noted the Defendant's lack of write ups as they showed that when he is in a controlled environment, the Defendant is able to control himself. The Defendant's lack of write ups while incarcerated taken in context with his extensive criminal history reveal his inability to function outside of a rigid, structured environment that one finds in prison.

The Defendant argues that while the Court claimed to recognize the large gap from the Defendant's prior convictions to the cases at hand as mitigation, it was not reflected in the sentences imposed. However, while acknowledging that this nearly ten year gap in crimes reflects positively on the Defendant, it is outweighed by the other factors the Court considered in crafting an appropriate sentence. What this ten year gap suggests is that the Defendant was able to control his behavior when he was either on his mental health medication or not abusing drugs. When he wilfully decided to stop taking his medication or abuse drugs, he becomes a threat to society and a danger to those against whom he holds a grudge.

The Defendant further argues that his sentences reflect no consideration for the Defendant pleading guilty and cooperating with authorities. Much like his ten year gap in offenses, while accepting responsibility for his actions is a positive for sentencing consideration, those positives were outweighed by the substance abuse, neglect of his medications, and the consequences suffered by his victims.

4

The Defendant also raises issue with the fact that the Court's sentence greatly exceed the recommendation of the probation department. This argument is unpersuasive. While the recommendation from the probation department can certainly aid the Court in determining an appropriate sentence, by no means is the Court bound by what the recommendation may be. While the Pre-Sentence Investigation is very thorough, taking into account interviews with the Defendant and other actors in the case, the recommendation is made prior to the sentencing hearing, and thus does not take into consideration potential arguments and facts presented at the hearing. The recommendation does not take into consideration the photos presented by the Commonwealth at the sentencing hearing, which reflect the extreme level of vindictiveness and cruelty of the Defendant's conduct to his victims.

As presented by the Commonwealth at the sentencing hearing, the harm caused by the Defendant's actions was sufficient to make one of the victim's become homeless. Severity of the harm to a victim is relevant for the consideration of a Court in sentencing. The Defendant's extreme actions reflect his cruelty and vindictiveness and a desire to inflict extreme harm and intimidation upon his victims. In both of his cases, the Defendant preyed upon female victims, and reflected an attitude that his victims got what they deserved, as he was merely reacting to perceived wrongs they committed against him. For these and his lack of genuine remorse, it was appropriate for the Court to sentence the Defendant in the aggravated range.

With respect to the Court's decision to run the Defendant's sentences consecutively, this is appropriate as the Defendant continued his destructive behavior between the two

5

separate incidents. The Defendant had an opportunity to correct his behavior and to seek help and treatment for his substance abuse and mental health issues after committing his first crime. Rather, he made the wilful decision to continue his cruel and vindictive behavior and cause harm to another victim.

In light of the Defendant's criminal character, lack of remorse, and lack of rehabilitative potential, and in light of the devastating effect of the crime on his victims, the Defendant's sentence was not manifestly unreasonable.

## IV. Conclusion

For the reasons stated above, this Court respectfully urges affirmance of the Defendant's conviction and judgment of sentence.

BY THE COURT,

DATED: May 1st, 2019

CRAIG T. TREBILCOCK, JUDGE

6