J-S62019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALVIN NELSON | : | |
| | : | |
| Appellant | : | No. 335 WDA 2019 |

Appeal from the Judgment of Sentence Entered, September 20, 2018,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0014168-2017.

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                **FILED JANUARY 06, 2020**

Alvin Nelson appeals from the judgment of sentence imposed following

his conviction of persons not to possess a firearm,[1] carrying a firearm without

a license,[2] reckless driving,[3] and general lighting requirements.[4]  We affirm.

The relevant facts and procedural history are as follows.  Two Pittsburgh

police detectives observed Nelson driving erratically at a high rate of speed.

The detectives also noticed that a rear brake light on Nelson's vehicle was

malfunctioning.   Due to the malfunctioning brake light and Nelson's erratic

_____

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] 18 Pa.C.S.A. § 6106(a)(1).

[3] 75 Pa.C.S.A. § 3736(a).

[4] 75 Pa.C.S.A. § 4303(b).

driving, the detectives initiated a traffic stop. When the detectives approached Nelson's vehicle, they observed bullet holes in the side of the vehicle, and Nelson appeared extremely nervous. After Nelson informed the detectives that he did not have any identification, the detectives asked Nelson to step out of the vehicle. The detectives then patted Nelson down, and conducted a protective sweep of the area Nelson occupied within the vehicle. Inside the vehicle the detectives found a Hi-Point .380 semi-automatic handgun.

Nelson was arrested and charged with persons not to possess a firearm,[5] carrying a firearm without a license, reckless driving, and general lighting requirements. A non-jury trial was conducted on June 27, 2018, and the trial court convicted Nelson on all charges. The trial court sentenced Nelson to a term of five to twenty years of incarceration for persons not to possess a firearm, and assessed no further penalties on the remaining convictions. Nelson filed a timely post-sentence motion claiming that his sentence was excessive. The trial court denied the motion. On March 1, 2019, Nelson filed a timely notice of appeal. Both Nelson and the trial court complied with Pa.R.A.P. 1925.

Nelson raises the following issue for our review:

Is the sentence imposed of five to twenty years of incarceration, which is the maximum permissible sentence under the law for a felony of the first degree, manifestly excessive, unreasonable,

_____

[5] Nelson could not legally possess a firearm due to prior convictions for illegal possession of firearms and possession of controlled substance with intent to deliver.

contrary to the dictates of the Sentencing Code and an abuse of the sentencing court's discretion? Specifically, did the sentencing court fail to put adequate reasons on the record for imposing the maximum sentence and focus extensively upon the seriousness of the offense, including the fact that a gun was involved? Is not imposition of the maximum sentence permissible under the law is [sic] too great a punishment under the circumstances of this case?

Nelson's Brief at 6.

Nelson's claim presents a challenge to the discretionary aspects of his sentence. A challenge to the discretionary aspects of sentencing is considered a petition for permission to appeal, as an appellant is not entitled to review of such a claim as of right. ***Commonwealth v. Hoch***, 936 A.2d 515, 518 (Pa. Super. 2015). Before addressing the merits of a discretionary sentencing claim, this Court conducts the following four-part analysis:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Williams***, 151 A.3d 621, 625 (Pa. Super. 2016).

Here, Nelson filed a timely notice of appeal, preserved his claim in a timely post-sentence motion, and included in his appellate brief a separate Rule 2119(f) statement. Accordingly, Nelson is in compliance with the technical requirements necessary to challenge the discretionary aspects of his sentence, and we will proceed to determine whether Nelson has presented a substantial question that the trial court's sentence was not appropriate under

the sentencing code. *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014).

The determination of what constitutes a substantial question is assessed on a case-by-case basis. *Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014). A substantial question exists where there is a colorable argument that the sentencing judge acted in a manner that was either: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms underlying the sentencing process. *Commonwealth v. Prisk*, 13 A.3d 526, 534 (Pa. Super. 2011).

In his Rule 2119(f) statement, Nelson asserts that the trial court abused its discretion and imposed a sentence that is manifestly unreasonable because, "while the minimum sentence imposed is within the standard range of the sentencing guidelines, the maximum sentence imposed is the statutory maximum, [and] the circumstances of this case do not justify the statutory maximum." Nelson's Brief at 15. Nelson further claims that the trial court failed to provide specific reasons for imposing the maximum sentence considering all the factors required under 42 Pa.C.S.A. § 9721(b), and it impermissibly based its sentencing determination solely upon the nature of the crime.[6]

---

[6] Nelson also contends that the trial court applied an incorrect offense gravity score ("OGS") of 11. However, because Nelson failed to preserve this claim at sentencing or in a post-sentence motion, this issue is waived. *See Williams*, 151 A.3d at 625; *see also Commonwealth v. Cartrette*, 83 A.3d

This Court has held that a claim that the trial court imposed an excessive sentence in light of the criminal conduct at issue presents a substantial question. *Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa. Super. 2013). A substantial question may also be raised regarding the trial court's justification for imposing the statutory maximum sentence if it failed to provide specific reasons for the sentence that comport with the considerations required under § 9721(b). *Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa. Super. 2011). Additionally, a claim that the trial court focused solely on the seriousness of the crime, and failed to consider the protection of the public or the rehabilitative needs of the defendant, as required by § 9721(b), also presents a substantial question. *Commonwealth v. Clarke*, 70 A.3d 1281, 1288 (Pa. Super. 2013). Finally, a claim that the trial court applied an incorrect OGS raises a substantial question. *Commonwealth v. Lamonda*, 52 A.3d 365, (Pa. Super. 2012). Nelson has therefore raised a substantial question for our review. Accordingly, we will review the merits of Nelson's claim.

When reviewing a challenge to the discretionary aspects of sentencing, we are mindful of the following standard of review.

---

1030, 1043 (Pa. Super. 2013) (holding that an issue not preserved in a post-sentence motion or at sentencing is waived). Even if this issue were preserved, we would have concluded that it is without merit. Pursuant to 204 Pa. Code § 303.15, where an individual is convicted under § 6105(a)(1), has a prior conviction, and the firearm was loaded, the correct OGS is 11. Thus, no relief would have been due.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015).

Pursuant to Pennsylvania Sentencing Code, this Court has exclusive jurisdiction over challenges to the discretionary aspects of a sentence imposed by the trial court. 42 Pa.C.S.A. § 9781(f). The code provides that,

[i]n reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

*Id*. at § 9781(d).

The sentencing code also sets forth the considerations that the trial court must take into account when formulating a sentence. The sentencing code provides that,

the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

*Id*. at § 9721(b). Additionally, where the trial court imposes a sentence for a felony or a misdemeanor, it must provide, and make as a part of the record, a contemporaneous statement of the reasons for the sentence in open court. *Id*. at § 9721(b). However, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Rush***, 162 A.3d 530, 544 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1049 (2017).

Nelson first claims that the trial court abused its discretion in imposing the statutory maximum sentence allowable for persons not to possess a firearm without sufficiently stating its reasons for doing so on the record. Nelson contends that "[t]he sentence was imposed by [the] court with an intense focus on the fact that Mr. Nelson had a gun in his car even after serving a long prison sentence for gun possession." Nelson's Brief at 28. Nelson argues that the trial court made no mention of his family situation, his work history, his rehabilitative needs, nor the fact that the court imposed a lengthy term of parole following his release from incarceration. *Id*. According to Nelson, by imposing the maximum sentence allowable, and by focusing solely upon Nelson's possession of a firearm, the trial court placed excessive emphasis on retribution for the crime, and "violate[d] several principles of individualized sentencing." *Id*. at 31.

Here, the trial court had the benefit of a pre-sentence investigation report ("PSI"). It is well-settled "that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009). As this Court has explained:

> [W]here the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. . . . The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

***Commonwealth v. Boyer***, 856 A.2d 149, 154 (Pa. Super. 2004) (citations omitted).

In this case, the trial court indicated its reasons for imposing the sentence as follows:

> It is hard to figure out how a man who received a sentence of 7 to 14 years for conduct related to possession of a firearm and possession of controlled substance with intent to deliver who finally regains his freedom to go back to getting guns illegally. And it wasn't the first time he had a gun, if I recall the case. The case I'm referring to was a 2009 sentence. He had a 2008 sentence in which he was given five years' probation in relation to possession of a firearm, so the probation didn't work. 7 to 14 years didn't work. Where do we go from there?

. . .

- 8 -

I'm at my wits' end with your client. I'm sorry to tell you that, I am. I can't even give him as much on the one charge as he already served for a gun. Nothing deters him from possessing a firearm. Not that I'm wishing I could give him more, I'm not. I'm just saying that five years would be a break for him. Five to ten years on this case would be a break, mitigated sentence on one of two charges.

When does it stop, Mr. Nelson? You are wasting yourself. You're wasting yourself as an asset to your family and to the community. When does it ever stop with you?

. . .

Mr. Nelson, what I've just done is this. I've given you the minimum I can justify under the guidelines which is the mitigated sentence. You're not even really entitled to consideration in my view. The way I look at sentencing, this is outside my normal sentencing because I normally go to standard range with somebody who's on parole or probation and does the exact same thing. I just go right to standard. I figure it's mitigated if he pleads, for example, but it's aggravated if he was on parole for the same thing when he did it, so I go down the middle to standard, so I'm going mitigated for this reason.

I'm giving you one last chance to get it right with a long period of state parole supervision. No probation. You're going to be on state parole supervision when you make parole on this case until the end of the possible sentence of 20 years. I have to tell you I've probably only done that once, not more than twice in twelve and a half years of being a Judge because I don't like to have such a long state parole tail because it's cumbersome compared to a straight probation. It's more demeaning of the defendant compared to probation, but you don't respond well to probation even after a long prison sentence, so now you're going to be under the thumb of the Parole Board because probation doesn't work for you. I'm sorry to do this, but it's the only way I can justify going on the mitigated range of incarceration is by going on the maximum end for supervision. That's the Court's sentence.

N.T. Sentencing, 8/20/18, at 14-17. Because the trial court ordered a PSI

and "reviewed [it] in its entirety," *see id*. at 2, it is presumed that the court

considered Nelson's rehabilitative needs, as well as other mitigating factors that he may have presented. *See Boyer*, 856 A.2d at 154.

Additionally, during the sentencing hearing, the trial court provided Nelson with an opportunity to add or correct any facts or mitigating factors contained within the PSI, which Nelson believed would help guide the court's decision. *See id*. at 3-13. Nelson and the trial court discussed in some detail his employment history, his family situation, his prior criminal background, and the circumstances of this particular incident. *See id*.

The trial court also considered Nelson's rehabilitative needs. Notably, Nelson is a convicted felon, who has twice previously been convicted for possession of illegal firearms, and committed the instant offense while he was on parole for a prior firearms conviction. The trial court determined that a term of five to twenty years of incarceration was appropriate, as shorter terms of probation and incarceration have been ineffective in directing Nelson away from his illegal conduct. *See* N.T. Sentencing, 8/20/18, at 17. Thus, the record demonstrates that the trial court thoroughly considered the totality of the requirements mandated by Pennsylvania law. As we discern no abuse of discretion by the trial court in imposing the sentence at the statutory maximum, Nelson is due no relief on this claim.

Nelson further contends that the trial court abused its discretion in imposing the maximum sentence permissible. While Nelson concedes that the

minimum sentence imposed (five years) is technically a standard range sentence, he claims that it is nonetheless unreasonable.

We note that, while the sentencing guidelines are an important factor in determining whether a sentence is sufficiently individualized, they are still only one factor of many. **Commonwealth v. Holiday**, 954 A.2d 6, 13 (Pa. Super. 2008). Furthermore, "the guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors - they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence." **Commonwealth v. Walls,** 926 A.2d 957, 964-65 (Pa. Super. 2007).

Pursuant to the Basic Sentencing Matrix set forth in 204 Pa. Code § 303.16(a), the combination of an OGS of 11, and a prior record score ("PRS") of 5 call for a minimum standard sentence ranging from seventy-two to ninety months of imprisonment.[7] The trial court sentenced Nelson to a minimum sentence of sixty months (five years), which falls at the bottom of the mitigated range provided by the guidelines. 204 Pa. Code § 303.16(a).[8] Considering that this is Nelson's third conviction for illegal possession of firearms, the trial court's imposition of a mitigated minimum sentence cannot

---

[7] Nelson concedes that his PRS was 5. Nelson's Brief at 13.

[8] Section 303.16(a) provides that the bottom of the mitigated range is twelve months less than the bottom of the standard range.

be deemed manifestly unreasonable. Additionally, we cannot conclude that the trial court's decision to set the maximum sentence at the statutory maximum is excessive, as it is both permissible and legal under Pennsylvania law for a felony of the first degree. Merely because the statutory maximum falls outside of the sentencing guideline range does not render the trial court's decision to impose a statutory maximum an abuse of discretion, especially given that Nelson has repeatedly engaged in the same criminal conduct. *See Commonwealth v. Johnson*, 873 A.2d 704, 709 (Pa. Super. 2005) (holding that the imposition of the statutory maximum does not constitute an abuse of discretion where the appellant has "clearly shown a refusal to change his dangerous criminal behavior"). Thus, Nelson's sentencing claim warrants no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2020