COMMONWEALTH of Pennsylvania

v.

**Larry HOLIDAY a/k/a Larry Mitchell, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 15, 2008.

Filed June 30, 2008.

Reargument Denied Sept. 3, 2008.

Victoria H. Vidt, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: LALLY–GREEN, PANELLA, and TAMILIA, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Larry Holiday a/k/a Larry Mitchell, appeals from the judgment of sentence entered on March 16, 2006, by the Honorable Donna Jo McDaniel, Court of Common Pleas of Allegheny County. After careful review, we affirm.

¶ 2 Previously, on Holiday's first of several direct appeals, this Court summarized the relevant facts and procedural history of the case as follows:

On June 14, 2001, Officer Tony Barravecchio ("Officer Barravecchio") passed Appellant's vehicle while traveling in the opposite direction on Old Thorn Road in Moon Township. Recognizing that the vehicle matched the description of a car allegedly involved in an unrelated criminal incident, Officer Barravecchio turned his vehicle around to follow Appellant. Prior to Officer Barravecchio regaining contact with Appellant's vehicle, Appellant crossed the yellow center-line and collided head-on with another vehicle. When Officer Barravecchio arrived at the site of the collision, Appellant attempted to flee. However, he was apprehended. The driver of the other vehicle sustained serious injuries in the collision, and the passenger was killed. A diagnostic recorder located on Appellant's vehicle was sent to the manufacturer, and it revealed that Appellant was exceeding the posted speed limit by seven miles per hour when his air-bag deployed.

Appellant was charged with two counts each of Accidents Involving Death or Personal Injury (75 Pa.C.S.A. § 3742), Accidents Involving Death or Serious Injury (75 Pa.C.S.A. § 3742.1) and Recklessly Endangering Another Person (18 Pa.C.S.A. § 2705). Appellant was also charged with one count each of Accidents Involving Damage to Attended Vehicle or Property (75 Pa. C.S.A. § 3743), Reckless Driving (75 Pa. C.S.A. § [ ]3736), Failing to Drive on the Right Side of the Road (75 Pa.C.S.A. § 3301), Homicide by Vehicle (75 Pa. C.S.A. § 3732) and Involuntary Manslaughter (18 Pa.C.S.A. § 2501 and § 2504). Additionally, Appellant was charged with one count each of Posses-

sion of a Small Amount of a Controlled Substance (marijuana) (35 P.S. § 780–113(a)(31)) and Possession of Drug Paraphernalia (35 P.S. § 780–113(a)(32)).[1] On March 6, 2002, Appellant entered an open plea agreement with what appears to be a tacit understanding with the trial court that it would not impose a sentence above the five to ten years offered by the Commonwealth. At Appellant's request, the trial court agreed to review a pre-sentence investigation report and consider reducing the maximum sentence.

On May 22, 2002, the trial court sentenced Appellant to two and one-half to five years' imprisonment for Accidents Involving Death or Personal Injury, with a consecutive term of two and one-half to five years for Homicide by Vehicle. No further penalty was given for the remaining counts. Counsel for Appellant filed a motion to modify Appellant's sentence on May 29, 2002, which was denied on May 30, 2002. No direct appeal was filed, but Appellant filed a *pro se* petition pursuant to the Post–Conviction Relief Act ("PCRA") on August 29, 2002. The trial court appointed new counsel for Appellant, who filed an amended PCRA petition on April 16, 2003. The trial court then reinstated Appellant's appellate rights *nunc pro tunc* .... [On appeal], Appellant assert[ed] that the trial court abused its discretion in imposing a manifestly excessive sentence.

---

1. These drug charges arose out of a separate incident: On November 15, 2000, a Moon Township police officer stopped Appellant for a traffic violation and found a small amount of marijuana in Appellant's car. N.T., Guilty Plea Transcript, 3/6/02, at 14.

---

*Commonwealth v. Holiday,* 859 A.2d 831 (Pa.Super.2004) (unpublished memoran-

dum), at 1–3. On appeal, this Court agreed with Holiday that the trial court abused its discretion in that it utilized an improper offense gravity score for Homicide by Vehicle. *Id.,* at 6–7. Additionally, we determined that the trial court improperly focused on the inherent severity of the crimes and was therefore without justification when it imposed a sentence beyond the aggravated range of the guidelines. *Id.,* at 7–9. Accordingly, this Court vacated Holiday's judgment of sentence and remanded to the trial court for resentencing.

¶ 3 On November 5, 2004, the trial court held a post-remand sentencing hearing, during which Holiday expressed remorse for his crimes and urged the trial court to impose a sentence in the standard range. N.T., Sentencing, 11/5/04, at 3–4. However, at the conclusion of the hearing, the trial court resentenced Holiday to an aggregate term of five to ten years imprisonment—the same sentence that it had previously imposed prior to remand. Thereafter, Holiday filed post-sentence motions, which the trial court summarily denied.

¶ 4 On what amounted to his second direct appeal, Holiday argued, *inter alia,* that the trial court abused its discretion when, despite this Court's previous order entered on July 28, 2004, it again sentenced him outside the standard range of the sentencing guidelines. After review, a panel of this Court held that the reasons relied upòn by the trial court did not support a sentence beyond the aggravated range to the statutory minimum, and we again remanded to the trial court for resentencing with directions to impose a sentence within the sentencing guidelines. *Commonwealth v. Holiday,* 894 A.2d 818 (Pa.Super.2005) (unpublished memorandum) (Tamilia, J., dissenting), at 16.

¶ 5 On remand, the trial court yet again resentenced Holiday to the sentence originally imposed on May 22, 2002, of two consecutive terms of two to five years imprisonment. During sentencing, the trial court noted that it had nothing to add to its reasons expressed for the sentence in the prior two sentencing proceedings, except to note that the sentences imposed did not significantly exceed the aggravated range of the sentencing guidelines. N.T., Sentencing, 03/16/06, at 5. Holiday filed post-sentence motions for modification of sentence on March 27, 2006, which the trial court denied following a hearing by order dated April 26, 2006.[1] This timely appeal followed.

¶ 6 On appeal, Holiday presents the following issues for our review:

1. Did the lower court err and/or abuse its discretion when it refused to adhere to the mandate of the Superior Court at resentencing, failed to impose a sentence within the guidelines, and instead imposed the same sentence on Mr. Holiday that this Court had previously found on two separate occasions to be excessive and an abuse of discretion?

2. Did the lower court abuse its discretion in imposing a manifestly harsh and unreasonable sentence which is contrary to the dictates of the sentencing code, in that the sentence imposed was well above the aggravated range of the sentencing guidelines, in fact was the maximum possible sentence under the statute, and there is no reason to conclude that this crime was more [heinous] than the "normal" or "typical" case of this sort?

Appellant's Brief, at 4.

■ ¶ 7 Holiday challenges the discretionary aspects of his sentence. As such, it is well-established in this Commonwealth that appeals of discretionary aspects of a sentence are not reviewable as a matter of right. *Commonwealth v. Eline*, 940 A.2d 421, 435 (Pa.Super.2007). Our standard of review when an appellant challenges the discretionary aspects of his or her sentence is very narrow:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hardy*, 939 A.2d 974, 980 (Pa.Super.2007) (citation omitted).

■ ¶ 8 Before a challenge to the sentence will be heard on the merits, an appellant, in order to invoke this Court's jurisdiction, must set forth in his brief a separate and concise statement of reasons relied upon in support of his appeal. *See* Pa.R.A.P., Rule 2119(f), 42 Pa. Cons.Stat. Ann.; *see also Commonwealth v. Slotcavage*, 939 A.2d 901, 903 n. 5 (Pa.Super.2007).

¶ 9 Rule 2119(f) provides in pertinent part:

---

1. The certified docketing sheets reveals that the trial court initially denied Holiday's post-sentence motion without a hearing by order dated April 5, 2006. However, on April 6, 2006, the trial court vacated its April 5, 2006 order and deferred its determination of Holiday's motion until after a hearing.

An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa. R.A.P., Rule 2119(f), 42 Pa. Cons.Stat. Ann. We, as the appellate court, are tasked to examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Gould*, 912 A.2d 869, 872 (Pa.Super.2006) (quoting *Commonwealth v. Shugars*, 895 A.2d 1270, 1274 (Pa.Super.2006) and *Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa.Super.2000) (*en banc*), *appeal denied*, 563 Pa. 672, 759 A.2d 920 (2000)).

¶ 10 In *Commonwealth v. Kimbrough*, 872 A.2d 1244 (Pa.Super.2005), *appeal denied*, 585 Pa. 687, 887 A.2d 1240 (2005), this Court sitting *en banc*, determined that "a substantial question exists where a brief sets forth a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme." *Id.*, at 1263.

¶ 11 In the case *sub judice*, Holiday has satisfied the procedural requirements of Rule 2119(f) and included a statement of reasons in his brief. In his Rule 2119(f) statement, Holiday challenges the trial court's decision to sentence him beyond the aggravated range of the sentencing guidelines as manifestly excessive and unsupported by the record. A claim that the sentencing court imposed a sentence outside of the guidelines without specifying sufficient reasons presents a substantial question for our review. *See Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super.1999) (*en banc*).

¶ 12 Initially, we reject outright Holiday's contention that the trial court failed to adhere to this Court's previous decision, which provided the following, disjunctive, instructions for resentencing upon remand:

We do not dictate a particular sentence. The trial court is to impose a sentence within the sentencing guidelines and in light of controlling precedent.

*Holiday*, 859 A.2d 831, at 16 (unpublished memorandum). While we do not disagree that a trial court on remand must strictly comply with the mandate of an appellate Court, *see Commonwealth v. Williams*, 877 A.2d 471, 474–75 (Pa.Super.2005) (citation omitted), *appeal denied*, 586 Pa. 770, 895 A.2d 1261 (2006), it is well-settled that "[a]n appellate Court has no power to impose a sentence; that power is to be exercised exclusively by the trial court" and can only be usurped by the legislature. *Commonwealth v. Ward*, 524 Pa. 48, 52, 568 A.2d 1242, 1244 (1990). Therefore, where an appellate Court determines a sentence is illegal or otherwise improper, the Court may not "superimpose its judgment on the trial court by directing the sentence to be imposed . . . ." *Id.; see also Commonwealth v. Coleman*, 583 Pa. 46; 874 A.2d 1150 (2005) (per curiam order).

¶ 13 Instantly, as noted, this Court directed the trial court to impose a sentence within the sentencing guidelines upon remand. However, as the fashioning of a sentence is left soundly within the discretion of the trial court, we do not read our earlier decision to specify any particular sentence. Accordingly, we find no error in the trial court's apparent failure to follow Holiday's interpretation of this Court's

previous decision, *i.e.*, that it required a standard range sentence.

¶ 14 Nor do we find the trial court's imposition of a sentence beyond the aggravated range of the sentencing guidelines to be unsupported by the record. A sentencing court is, of course, permitted to impose a sentence outside the guidelines, but "must provide a written statement setting forth the reasons for the deviation...." *Commonwealth v. Walls*, 592 Pa. 557, 567, 926 A.2d 957, 963 (2007). In *Walls*, the Supreme Court of Pennsylvania granted allocatur "to clarify the proper standard of review an appellate Court should employ when considering a challenge to a sentence that falls outside of the sentencing guidelines...." *Id.*, at 564, 926 A.2d at 961. In examining the interplay between the advisory, nonbinding nature of the sentencing guidelines and the great deference granted to the trial court in matters involving the imposition of sentence, the Supreme Court explained:

> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. **Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.**

*Id.*, at 565, 926 A.2d at 961 (internal citations and quotations omitted) (footnote omitted) (emphasis added). The Supreme Court therefore reaffirmed that the guidelines have no binding effect, in that they do not predominate over individualized sentencing factors and that they include standardized recommendations, rather than mandates, for a particular sentence. *Id.*, at 570, 926 A.2d at 964.

¶ 15 The Supreme Court further noted that, under the Sentencing Code, the abuse of discretion standard necessarily entails a *reasonableness* analysis, in other words, a review of whether the judgment exercised by the trial court in issuing a sentence outside the sentencing guidelines was "unreasonable." *Walls*, 592 Pa. at 565, 926 A.2d at 962. The Supreme Court "decline[d] to fashion any concrete rules as to the unreasonableness inquiry for a sentence that falls outside of applicable guidelines...." *Id.*, at 567, 926 A.2d at 964. The Supreme Court, however, noted that "the Legislature intended that considerations found in Section 9721 aid in appellate review for unreasonableness."[2] *Id.*

2. Section 9721 of the Sentencing Code provides, in pertinent part, the following:

**(b) General standards.**—In selecting from the alternatives set forth in subsection (a) *the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.* The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing and taking effect pursuant to section 2155 (relating to publication of guidelines for sentencing). In every case in which the court imposes a sentence for a felony or misdemeanor, the

An inquiry into the reasonableness of a sentence also includes a review of the factors set forth in Section 9781(d) of the Sentencing Code.[3] *See id.*

¶ 16 Preliminarily, before reviewing the trial court's reasons for the sentence, we examine the sentence itself. For the homicide by vehicle charge (offense gravity score of 5 and prior record score of 2), the guidelines suggested a standard range minimum sentence of 9 to 16 months imprisonment, and an aggravated minimum sentence of up to 22 months. The trial court imposed a sentence of the statutory maximum of 30 to 60 months, outside of the aggravated range. For hit and run causing injury or death (offense gravity of 5 and prior record score of 2), the guidelines called for a standard range minimum sentence of 3 to 14 months, and an aggravated range minimum sentence of up to 17 months. The trial court sentenced Holiday to a consecutive term of 30 to 60 months, also above the aggravated range.

¶ 17 In sentencing Holiday outside of the aggravated range of the guidelines for a third time, the sentencing court incorporated by reference its previous reasons for sentencing Holiday, as detailed during the sentencing hearings conducted on May 22, 2002 and November 5, 2004, respectively.

To wit, the sentencing court previously explained its reasons for imposing the sentence as follows:

Your criminal history began when you were 15 years of age when you were adjudicated delinquent. In '75 you had two minor arrests. In '96 you were convicted of a drug felony. While on probation for that felony you violated your probation by being convicted, by being arrested and convicted of another drug felony. In fact, that was two drug felonies. You did poorly on probation or parole, and it was revoked almost every time you were convicted.

There was also a drug conviction, two drug convictions, of a minor nature in 1998. It wasn't as though you hit these people and then stopped to help. In fact, you were leaving the scene of another crime where it was alleged that you or your passenger had perpetrated a fraud.

You saw the police car, according to the statement of the police officer, pass going the other way. When the officer began to turn around is when you accelerated. That is when you were speeding and crossed the yellow line and killed one and permanently injured a second victim. You did not stop to help.

---

court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. In every case where the court imposes a sentence outside the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing pursuant to section 2154 (relating to adoption of guidelines for sentencing) *and made effective pursuant to section 2155*, the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Failure to comply shall be grounds for vacating the sentence and resentencing the defendant. 42 PA. CONS.STAT.ANN. § 9721(b) (emphasis added).

3. Section 9781(d) states the following:

**(d) Review of record.**—In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 PA. CONS.STAT.ANN. § 9781(d).

In fact, you fled and hid from the police. It took four months for you to be apprehended. You never turned yourself in.

I would further point out that you did not have a license, that your license was suspended at that time, having at that point been convicted of seven probation violations. You had been incarcerated previously. The time that you spent in jail did not aid your rehabilitation. You were not capable of functioning as a law abiding citizen and a lengthy period of incarceration is the only solution to assist you in your effort to rehabilitate yourself and modify your behavior.

N.T., Sentencing, 11/5/04, at 4–6.

¶ 18 The record in this case clearly reveals that the sentencing court properly considered all relevant sentencing factors in fashioning Holiday's sentence outside of the aggravated range of the sentencing guidelines. Specifically, the sentencing court considered the nature and circumstances of the offenses as set forth in greater detail in the transcripts of the two prior sentencing proceedings.[4] Additionally, the sentencing court had the benefit of a presentence investigation report and carefully took into account Holiday's age, personal background and character. Moreover, the sentencing court heard directly from Holiday, who exercised his right of allocution.[5]

¶ 19 While it is obvious that the sentence in this case exceeded the guideline ranges, we reiterate that although the sentencing guidelines are an important factor in sentencing, they are but only one factor when determining an individualized sentence:

[T]he guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors-they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence.

*Walls,* 592 Pa. at 570, 926 A.2d at 964.

¶ 20 Given the foregoing, our review of the sentences demonstrates that the sentencing court carefully considered the general standards articulated in § 9721(b) of the Sentencing Code, *see* 42 PA. CONS.STAT. ANN. 9721(b). Our examination of the sentence pursuant to § 9781(d) of the Sentencing Code, 42 PA. CONS.STAT.ANN. § 9781(d), leads us to conclude that the sentencing court imposed an eminently reasonable and appropriate sentence. Accordingly, based upon our review of the record provided to the sentencing court, we cannot say that the trial court abused its discretion.

¶ 21 Judgment of sentence affirmed. Jurisdiction relinquished.

¶ 22 Judge Lally–Green concurs in the result.

---

4. *See* N.T., Sentencing, 5/22/02; N.T. Sentencing, 11/05/04.

5. *See* N.T. Sentencing, 05/22/02, at 4–5; 11/05/04, at 4.