J-S01023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                              :          PENNSYLVANIA
                              :
                v.            :
                              :
                              :
                              :
PHILLIP WOMACK                :
                              :
              Appellant       :    No. 420 EDA 2019


Appeal from the Judgment of Sentence Entered December 10, 2018,
      in the Court of Common Pleas of Bucks County,
   Criminal Division at No(s): CP-09-CR-0004798-2018.

BEFORE:   BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KUNSELMAN, J.:              **FILED MAY 06, 2020**

Phillip Womack appeals from the judgment of sentence imposed
following the entry of his guilty plea to corruption of minors.[1] We affirm.

The trial court set forth the relevant factual and procedural background,
as follows:

> On July 24, 2018, Bensalem Township police officers
> responded to the Knights Inn located in Bensalem Township,
> Bucks County. There was a report of a wanted adult male staying
> there. An officer knocked on the hotel room door, used a key
> provided by hotel staff, and entered the room. Upon entering the
> hotel room, the officer observed [Womack] naked along with J.O.,
> a 13 year-old female, who was also naked at the time. [When
> questioned by police, Womack acknowledged his awareness that
> the victim was 13 or 14, and that it was inappropriate for them to
> be naked in the room together.] [Womack] was taken into

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. § 6301(a)(1)(i).

custody on the active warrant for rape arising out of Philadelphia County.

On December 10, 2018, [Womack] entered into a guilty plea and pleaded guilty to [one count of] corruption of minors. This court sentenced him to imprisonment for not less than eleven and a half (11-1/2) months to no more than twenty-three (23) months.

On December 20, 2018, [Womack] filed a motion for reconsideration of sentence. On January [7], 2019, [the trial] court denied [Womack's] motion for reconsideration of sentence. On February 5, 2019, [Womack] filed a notice of appeal to the Superior Court.

Trial Court Opinion, 10/23/19, at 1-2, 4 (footnote and some capitalization omitted).[2]

The trial court issued an order pursuant to Pa.R.A.P. 1925(b) requiring Womack to file a concise statement of errors complained of on appeal. Womack did not receive the order, and accordingly failed to file a concise statement. The trial court thereafter filed a Rule 1925(a) opinion finding waiver of Womack's issues on appeal. In this Court, Womack filed an application for remand to file a concise statement. We granted the requested relief, and remanded for the filing of a Rule 1925(b) concise statement, as

_____

[2] Womack purported to appeal from the trial court's denial of his post-sentence motion. However, his appeal lies from the entry of the judgment of sentence. *See Commonwealth v. Alvarado*, 437 Pa. Super. 518, 520, 650 A.2d 475, 476 (Pa. Super. 1994) (holding that, in the context of a criminal proceeding where the case has proceeded through the sentencing phase, the appeal lies from the entry of the final judgment of sentence).

well as a supplemental Rule 1925(a) opinion. This matter is now ripe for our review.

Womack raises one issue for our review: "Did the [trial] court abuse its discretion in imposing a sentence in the aggravated range of the applicable sentencing guidelines by not considering mitigating evidence and by relying on factors that were already contemplated by said guidelines?" Womack's Brief at 4.

Womack challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Id*. (citation omitted). When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997); *see also Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S.A. § 9781(b).

In the instant case, Womack filed a timely notice of appeal, preserved his claims in a timely post-sentence motion, and included in his appellate brief a Rule 2119(f) statement. As such, he is in technical compliance with the requirements to challenge the discretionary aspects of his sentence. **See Commonwealth v. Rhoades**, 8 A.3d 912, 916 (Pa. Super. 2010). Thus, we will proceed to determine whether Womack has presented a substantial question for our review.

A substantial question is raised where an appellant alleges the sentencing court erred by imposing an aggravated range sentence without consideration of mitigating circumstances. **See Commonwealth v Felmlee**, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*) (stating that a substantial question is raised where appellant claims the sentencing court imposed an aggravated range sentence without considering mitigating circumstances); **see also Commonwealth v. Bowen**, 55 A.3d 1254, 1263 (Pa. Super. 2012). Thus, as Womack has raised a substantial question for our review, we will consider the merits of his claim.

The following principles apply to our substantive review of Womack's issue. "When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." **Commonwealth v. Ventura**, 975 A.2d 1128, 1134 (Pa. Super. 2009). "We cannot reweigh the sentencing

factors and impose our judgment in the place of the sentencing court."

***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009).  Rather,

we review the trial court's determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa. Super. 2014).

In imposing a sentence, the sentencing court must consider "the

protection of the public, the gravity of the offense as it relates to the impact

on the life of the victim and on the community, and the rehabilitative needs

of the defendant."  42 Pa.C.S.A. § 9721(b).

> Moreover, this Court has observed that
>
> although the sentencing guidelines are an important factor in sentencing, they are but only one factor when determining an individualized sentence: The guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors — they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence.

***Commonwealth v. Holiday***, 954 A.2d 6, 13 (Pa. Super. 2008) (citation,

paragraph break, and brackets omitted).

Womack indicates that the sentencing guidelines provide for a mitigated

range sentence of restorative sanctions, and a standard range sentence of

restorative sanctions to nine months of incarceration.  He argues that the trial

court imposed an aggravated range sentence without considering certain

mitigating factors, including the absence of drugs or alcohol in the hotel room, the victim's statement to police that there had been no discussion of sexual activity, the fact that Womack had no prior convictions and maintained good conduct in prison while awaiting sentencing, and that Womack has two children and is a roofer and tattoo worker.

The trial court offered the following explanation for its decision to impose an aggravated-range sentence:

> At the beginning of his guilty plea, [Womack] stated that he understood he was pleading guilty to engaging in some type of inappropriate conduct with a thirteen[-]year[-]old. Upon questioning from [the trial] court, [Womack] stated that he had gotten the hotel for her because she said it was late and they had been shopping in Bensalem area all day. [Womack] explained that he was naked because he had just gotten out of the shower and he was about to change into new clothes he had just brought and leave for the night. [Womack] stated that he just got out of the shower when he heard a knock at the door and then police just entered after the knock at the door. [Womack] insisted to the [trial] court that he was just a good guy providing the teenager with a place to stay that night. The Commonwealth presented evidence . . . that [Womack] did not appear to be wet and there was no water in the shower. [The Commonwealth also presented evidence that the victim's parents did not know of her location, and did not know Womack.] When asked by [the trial] court why [Womack] did not simply take the teenager home, he stated the thirteen[-]year[-]old had called her parents and they knew she was staying in a hotel room with him. [Womack's] counsel highlighted for [the trial] court certain mitigating factors that it should take into account such as there were no drugs or alcohol found, the minor spoke with police and stated there was no talk of sexual activity taking place, and that [Womack] was young [23-years-old] and had never been arrested for any prior incident. In response, [the trial] court stated . . . "The facts of this case are so bad that compared to his explanation I can't – I mean, that's why I don't believe him. . . . I don't buy it. I just want everybody to know." It is clear from the record that [Womack] failed to understand the seriousness of his actions of being alone and naked in a hotel room with a thirteen[-]year[-]old. [Womack] also failed to accept any kind of responsibility for his actions and continued to say that nothing sexual

happened. The [trial] court acknowledged [Womack's] mitigating factors but sentenced in the aggravated [range] due to [Womack's] statements during his guilty plea.

Trial Court Opinion, 10/23/19, at 4-5 (citations to the record omitted).

Based on the record before us, we find no merit to Womack's claim that the trial court failed to consider mitigating factors. The trial court was informed of several mitigating factors by Womack's counsel, including Womack's age, that he has two children (ages one-year-old and ten-months-old), that he had never been incarcerated prior to this incident, that he had maintained good behavior while incarcerated prior to sentencing, that he had enrolled in technical school and planned to start classes prior to his incarceration, and that he had been employed to perform roofing and tattoo work. *See* N.T. Sentencing, 12/10/18, at 5-6, 8. Additionally, defense counsel highlighted the facts that no drugs or alcohol were found in the hotel room, and that the victim told police that there were no discussions regarding sexual activity. *Id*. at 6.

Moreover, the trial court heard Womack's allocution, where he failed to acknowledge the seriousness of his conduct, and instead maintained that he did not have sex with the victim, and that he simply rented her a room because it was late (11:30 p.m.), and he was about to leave her there for the night. *Id*. at 9-10, 13. Ultimately, the trial court found Womack's explanations to be non-credible. *Id*. at 11, 13.

Based on the record before us, it is clear that the trial court heard and considered all of the mitigating factors raised by Womack. Simply because the trial court did not believe Womack's version of events, and found that he failed to understand the seriousness of his actions of being alone and naked in a hotel room with the minor victim, does not mean that the court failed to consider the relevant mitigating factors. Rather, the trial court determined that those mitigating factors were outweighed by other legitimate sentencing considerations. Hence, as we discern no abuse of discretion by the trial court, Womak's claim merits no relief.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

*Date: 5/6/2020*