J-S31040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :            PENNSYLVANIA
                                           :
            v.                             :
                                           :
                                         :
JEROME JOHNSON                  :
                                         :
           Appellant            :    No. 3120 EDA 2022

Appeal from the Judgment of Sentence Entered July 11, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000789-2021

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:         **FILED DECEMBER 27, 2023**

Jerome Johnson appeals from the judgment of sentence entered on his convictions for burglary, criminal trespass, indecent assault-forcible compulsion, and indecent assault-without consent of other.[1] He challenges the discretionary aspects of his sentence. We affirm.

At Johnson's bench trial, the victim, Q.S., testified that one night in January 2021, she was asleep on her mother's couch, and her 11-year-old sister was lying on the floor. N.T., Apr. 22, 2022, at 13-15. Q.S. said she felt Johnson touching her chest area, which woke her up. *Id.* at 15. Once awake, Q.S. stood up, got into a "tussle" with Johnson, and ran out the door. *Id.* at 16. She screamed for help, and her sister came to the front door and threw a grill fork at Johnson. *Id.* at 16-17. Johnson, who lives five doors away from

---

[1] 18 Pa.C.S.A. §§ 3502(a)(1), 3503(a)(1), 3126(a)(2), and 3126(a)(1), respectively.

Q.S.'s mother's house, ran down the street. *Id.* at 16-17. Q.S. testified that Johnson was naked during the encounter. *Id.* at 16. She said she and Johnson had never spoken before, she did not give her consent for Johnson to touch her, and she did not give permission for him to enter the house. *Id.* at 18-19.

Q.S.'s sister, M.D, testified that on the night of the incident, she heard someone come in the house, and thought it was her nephew. *Id.* at 37. She then heard her sister scream, and saw Johnson touching her sister's chest. *Id.* at 38. Johnson testified in his own defense, and denied that he was in the house on the night in question. He also denied touching Q.S. *Id.* at 60-61.

The trial court found Johnson guilty of burglary, criminal trespass, and two counts of indecent assault.

At sentencing, the parties agreed that Johnson's prior record score was a repeat felon, the offense gravity score was a 10, and the sentencing guideline range was 72 to 84 months' incarceration for the burglary conviction, plus or minus 12 months. N.T., July 11, 2022, at 4. Johnson's counsel informed the trial court that Johnson had had a troubled childhood and adulthood, suffered from anger issues that stemmed from trauma in his childhood, including the rape of his mother by an ex-boyfriend. *Id.* at 4. Counsel stated that Johnson witnessed violence in his family, lived in a house that had been firebombed, and had been shot. *Id.* at 5. Counsel further stated Johnson suffered from diabetes and abused PCP "heavily," using six or seven bundles in a weekend. *Id.* at 5-6.

The Commonwealth read a letter from the victim regarding the life-changing impact the incident had had on her, including that she is afraid to be alone in the house. *Id.* at 8. It asked for a guideline sentence of total confinement with "a significant period of supervision following that," and asked that the sex offender probation unit supervise Johnson. *Id.* at 9.

Johnson refused to sign the notice of registration requirements for Tier II SORNA offenders. *Id.* at 14. When the court informed him that he had to abide to the terms when released regardless whether he signed, Johnson stated, "Well, then I'll be brought up on new charges. I did not do this. I'm not signing that. I'm not signing that." *Id.* at 15.

During his allocution, Johnson repeatedly denied the conduct underlying the convictions and made threatening comments, including, "You can give me all the time that you want. I will not die in jail. I refuse to die in jail until I get out and get my revenge. You think I'm playing. I'm dead serious." *Id.* at 21. After he finished, he left the courtroom without permission. *Id.* at 24.

The trial court noted on the record that during his allocution, Johnson had yelled and stared down defense counsel and the trial court. It stated the sentence it imposed was based on the threats made, Johnson's demeanor at sentencing, and Johnson's PCP use and prior record:

> At this point, [Johnson] has gotten up and exited the courtroom without the authority of this Court.
>
> I want to place on the record some of the things that are not translated well onto the full record, in particular Mr. Johnson's demeanor as he continued to stare down [defense counsel] and this Court. He has been yelling since he began

- 3 -

speaking. This Court has been trying to exercise as much patience as possible to ensure that Mr. Johnson has his right to be heard.

That being said, given the fact that I now have four sheriffs who have come to my room due to the security risk that Mr. Johnson is currently posing as he looked as though he may, frankly, attack [defense counsel], I am going to pronounce this sentence without him being present.

I will, however, ask, [defense counsel], for you to submit in writing to him his appellate rights. We will give them to him, and we will give him a written copy of his SORNA registration requirements.

On the burglary, a felony of the first degree, I do sentence him to 10 to 20 years of incarceration. A consecutive period on the indecent assault as an M1, 2-and-a-half to 5. No further penalty on the criminal trespass or the indecent assault as an M2.

This is to be consecutive to the sentence that he is serving with Judge Schultz, which would be -- and, Counsel, please correct me if I'm wrong -- CP-51-CR-291-2020.

Any credit that he may have on this case is to be given. This sentence is above the guidelines, and I'll start out by saying that.

Particularly, in fashioning this sentence here today, given the threats that Mr. Johnson made on this record to seek revenge; the obvious, not just anger, but threating tone he took to the complaining witness in this particular case, given that coupled with Mr. Johnson's history, I don't see another way for this Court to ensure the safety of this complainant given Mr. Johnson's outburst here in court.

The fact that he felt comfortable to say those things in open court in front of a judge as well as multiple law enforcement officers, and the tone that he took here today, as well as the sustained PCP use that was described in the presentence investigation and in defense counsel's argument to this Court.

All of these are seen as aggravating factors for this particular sentence, as well as the nature of the crime, the

fact that these were very young women in this house, the fact that Mr. Johnson was naked in that home, touching the complainant without permission while her younger sister was also present.

All of those factors are taken into account by this Court in sentencing above the guidelines and aggravating the sentence on Mr. Johnson, as well as this Court's decision to make that sentence consecutive to the one that he is currently serving.

The aggregate sentence here today will be 12-and-a-half to 25 years of state incarceration.

Additionally, in terms of parole, this Court is ordering that Mr. Johnson complete therapeutic community, as well as treatment for PTSD, drug and alcohol treatment. He is to stay away from the complainant during the duration of his sentence.

Additionally, he is subject to all sex offender conditions. All supervision will be done by the state sex offender unit.

*Id.* at 24-27.

Johnson filed a motion to reconsider the sentence, arguing the sentence was above the recommended guidelines and excessive. The motion was denied by operation of law.[2] Johnson filed a timely notice of appeal.[3]

Johnson raises the following issue:

---

[2] Defense counsel filed a motion to reconsider "in an abundance of caution," but advised the defendant he would be seeking to withdraw as counsel due to the conduct at the sentencing hearing. Letter from W. Chris Montoya to Jerome Johnson, dated July 12, 2022. The court denied the post-sentence motion by operation of law and, in November 2022, counsel filed a motion to withdraw. The court granted the motion and appointed new appellate counsel. Order, dated Nov. 18, 2022.

[33] The trial judge was no longer sitting on the court of common pleas at the time of the appeal and therefore there is no trial court opinion pursuant to Rule 1925(a).

A. Did the lower court abuse its discretion by imposing an unreasonable and manifestly excessive sentence that failed to adhere to the general sentencing principles outlined in 42 Pa.C.S.A. § 9721(b), in that the Court imposed a sentence that exceeded what was necessary to protect the public and the community, failed to consider the Appellant's background and character fully and imposed a sentence that was well beyond what was necessary to foster the rehabilitative needs of Appellant?

Johnson's Br. at 4.

Johnson claims the court "abused its discretion when it imposed a manifestly excessive aggregate sentence" of 12½ to 25 years' incarceration. Johnson's Br. at 6. He argues the sentence was above the aggravated range of the guidelines and claims the court "based its sentence entirely on perceived safety concerns without considering the other section 9721(b) factors." *Id.* Johnson claims the court did not impose an individualized sentence and the circumstances did not necessitate the sentence imposed. Rather, he contends that the "court unfairly focused on . . . Johnson's physical expression of his innocence through his body language and tone while exercising his right of allocution." *Id.* at 12. He claims he never threatened anyone and maintains an "emotional expression of innocence should not have been the basis of imposing a sentence outside of the guidelines." *Id.* He acknowledges that the court stated it had reviewed the pre-sentence report, but alleges the court erred because it did not refer to how the report helped the court fashion the sentence. He concludes that the record did not suggest Johnson was past redemption and "there was no justified reason for the . . . court to sentence him to such a long term of imprisonment." *Id.* at 13.

There is no absolute right to appeal the discretionary aspects of a sentence. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). Rather, before addressing a challenge to discretionary aspects of sentence, this Court must determine whether the appellant: (1) filed a timely notice of appeal; (2) properly preserved the issue at sentencing or in a motion to reconsider or modify the sentence; (3) included in the appellate brief a concise statement of the reasons relied upon for appeal; and (4) has asserted a substantial question that the sentence is not appropriate under the Sentencing Code. **See Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa.Super. 2013); 42 Pa.C.S.A. § 9781(b). "[I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case." **Austin**, 66 A.3d at 808 (citation omitted).

Here, Johnson filed a timely notice of appeal, preserved his issues in a post-sentence motion, and included in his brief a concise statement of reasons relied upon on appeal. Further, his claims—that the court failed to state sufficient reasons for the above-the-guidelines sentence and imposed an excessive sentence without considering all relevant sentencing criteria—raise substantial questions. **Commonwealth v. Holiday**, 954 A.2d 6, 10 (Pa.Super. 2008) (stating that "[a] claim that the sentencing court imposed a sentence outside of the guidelines without specifying sufficient reasons presents a substantial question for our review."); **See Commonwealth v. Snyder**, 289 A.3d 1121, 1126 (Pa.Super. 2023) (defendant raised substantial

- 7 -

question when claimed court disregarded rehabilitative potential and sentence her to manifestly excessive sentence).

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Snyder**, 289 A.3d at 1126 (citation omitted). "An abuse of discretion occurs where 'the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.'" **Id.** (citation omitted). When imposing a sentence, the court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

"Where the court has the benefit of a PSI report, we presume the court was aware of all appropriate sentencing factors and considerations and consider the requirement that the court place its reasoning on the record to be satisfied." **Snyder**, 289 A.3d at 1126 (citation omitted). On appeal, "we may not reweigh the sentencing factors and impose our own judgment in place of that of the trial court." **Id.** at 1126-27.

Further, "the [s]entencing [g]uidelines are purely advisory in nature." **Id.** at 1127 (citation omitted) (alteration in original). If a sentencing court deviates from the Sentencing Guidelines, it must place on the record its reasons for the deviation:

> the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.

*Id.* (quoting *Commonwealth v. Bowen*, 55 A.3d 1254, 1264 (Pa.Super. 2012)).

Here, the trial court did not abuse its discretion. It did impose an above-the-guideline sentence for the burglary conviction. In so doing, however, it stated adequate reasons for the deviation. It noted, among other things, that Johnson threatened the victim and "stared down" his counsel and the court. The court also noted Johnson's prior history and his PCP use. Furthermore, contrary to Johnson's contention, the court considered the pre-sentence report and other sentencing factors, including his potential for rehabilitation, when imposing the sentence, which was not excessive. This claim is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/27/2023