J-S14010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVIRE LITTLE | : | |
| | : | |
| Appellant | : | No. 1439 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 11, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009732-2021

BEFORE: DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED JULY 1, 2025**

Appellant, Davire Little, appeals from the December 11, 2023 judgment of sentence entered in the Philadelphia County Court of Common Pleas following his guilty plea to Third-Degree Murder and related offenses. Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm the judgment of sentence.

We glean the relevant facts and procedural history from the trial court opinion and certified record. At approximately 12:30 AM on June 28, 2021, Appellant drove up to James Carey in the 2500 block of Kensington Avenue in Philadelphia. After rolling down his window and conversing with Mr. Carey, Appellant fatally shot Mr. Carey multiple times in his neck, chest, and arms.

_____

[*] Former Justice specially assigned to the Superior Court.

Based upon video surveillance of the crime scene, Philadelphia Police arrested Appellant on July 3, 2021.

On September 1, 2023, Appellant entered an open guilty plea to third-Degree Murder, Firearms Not to be Carried Without a License, Carrying a Firearm in Public in Philadelphia, and Possession of an Instrument of Crime ("PIC").[1]

On December 11, 2023, the trial court imposed a sentence of 17½ to 40 years of incarceration for Third-Degree Murder, 1½ to 7 years of incarceration for Firearms Not to be Carried Without a License, 1½ to 5 years of incarceration for Carrying a Firearm in Public in Philadelphia, and 1 to 5 years for PIC. The court imposed the sentences consecutively, resulting in an aggregate sentence of 21½ to 57 years of incarceration.

On December 20, 2023, Appellant filed a motion for reconsideration of sentence claiming that the court failed to consider Appellant's mitigating factors and that the imposition of consecutive sentences was unduly harsh, noting that two of the sentences exceeded the standard range of the Sentencing Guidelines. On April 22, 2024, the Office of Judicial Records entered an order denying the motion by operation of law.

On May 21, 2024, Appellant filed a timely notice of appeal, after which Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

_____

[1] 18 Pa.C.S. §§ 2502(c), 6106(a)(1), 6108, and 907(b), respectively.

I. Whether the court's aggregate sentence of 21½ to 57 years of incarceration was an abuse of discretion that did not adequately consider [Appellant's] mitigating factors, which included his acceptance of responsibility, his limited prior record, his deeply troubled life, his intellectual disabilities, his mental illness, the amount of violence he has experienced, his positive adjustment in prison including achieving high grades in schooling, and his expression of remorse?

II. Whether the [c]ourt's sentences for Violation of the Uniforms Firearms Act Section 6108 and Possession of an Instrument of Crime were both above the aggravated range of the guideline recommendation and consecutive without articulating adequate reasons for the departure?

Appellant's Br. at vii.[2]

Appellant's issues both challenge the discretionary aspects of his sentences, issues which "are not appealable as of right." *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) preserving the issue at sentencing or in a motion to reconsider the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires "a separate section of the brief [setting forth] a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question pursuant to 42 Pa.C.S. § 9781(b). *Id.*; Pa.R.A.P. 2119(f). The record reflects that Appellant satisfied the first three

_____

[2] Appellant fails to divide his argument "into as many parts as there are questions to be argued[,]" as required by Pa.R.A.P. 2119(a), and instead, intermingles his discussion of both issues. While we disapprove of this practice, we decline to quash his appeal as the deficiency does not impede our review. *Commonwealth v. Levy*, 83 A.3d 457, 461 n.2 (Pa. Super. 2013).

requirements. Accordingly, we proceed to determine whether he has presented substantial questions.

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation and internal quotation marks omitted).

Appellant claims that his first question constitutes a substantial question based upon his assertion that the court violated Section 9721 of the Sentencing Code by imposing a manifestly excessive sentence through its use of consecutive sentences and its failure to adequately consider his mitigating factors. Appellant's Br. at 3-4. We agree that this constitutes a substantial question. "While a bald claim of excessiveness does not present a substantial question for review, a claim that the sentence is manifestly excessive, inflicting too severe a punishment, does present a substantial question." ***Commonwealth v. Hicks***, 151 A.3d 216, 227 (Pa. Super. 2016) (citation omitted). Additionally, "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Swope***, 123 A.3d 333, 339 (Pa. Super. 2015) (citation omitted). Thus, Appellant's first issue raises a substantial question.

Likewise, we conclude that Appellant's second issue constitutes a substantial question, as he asserts that the court abused its discretion in imposing sentences above the Sentencing Guidelines' standard range for Carrying a Firearm in Public in Philadelphia and PIC, without providing adequate reasons, which he argues resulted in manifestly excessive sentences. Appellant's Br. at 3-4. This Court has held that a "sentencing court's failure to set forth adequate reasons for the sentence imposed also raises a substantial question." *Hicks*, 151 A.3d at 227; *see also* *Commonwealth v. Holiday*, 954 A.2d 6, 10 (Pa. Super. 2008) (finding substantial question where a defendant claims "that the sentencing court imposed a sentence outside of the guideline ranges without specifying sufficient reasons"). Accordingly, we will address the merits of Appellant's claims.

It is well-established that "sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (citation omitted). To demonstrate an abuse of discretion, the defendant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014) (citation omitted).

In imposing a sentence, a sentencing court should consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Moreover, a sentencing court "must demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines." *Commonwealth v. Beatty*, 227 A.3d 1277, 1287 (Pa. 2020) (citation omitted). Additionally, where "a court imposes a sentence outside of the Sentencing Guidelines, the court must provide, in open court, a contemporaneous statement of reasons in support of its sentence." *Id.* at 1287 (citation omitted); *see also* 42 Pa.C.S. § 9721(b).

Appellate courts will defer to the trial court's consideration of sentencing factors as it is "in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." *Commonwealth v. Summers*, 245 A.3d 686, 696 (Pa. Super. 2021) (citation omitted). Our "review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." *Commonwealth v. Macias*, 968 A.2d 773, 776-77 (Pa. Super. 2009).

Subsection 9781(c) mandates that this Court vacate a sentence if the sentencing court "applied the sentencing guidelines erroneously;" applied the guidelines to a case "where the application of the guidelines would be clearly unreasonable;" or imposed an unreasonable sentence "outside the sentencing guidelines[.]" 42 Pa.C.S. § 9781(c). In reviewing a sentence, we will consider

"[t]he nature and circumstances of the offense and the history and characteristics of the defendant[;]" the sentencing court's opportunity "to observe the defendant, including any presentence investigation[;]" the sentencing court's findings; and "[t]he guidelines promulgated by the commission." 42 Pa.C.S. § 9781(d). When the sentencing court has the benefit of a pre-sentence investigation report, "we presume that [it] was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors" when imposing the sentence. ***Commonwealth v. Sexton***, 222 A.3d 405, 422 (Pa. Super. 2019) (citation omitted). Moreover, we defer to the sentencing court's discretion to impose sentences consecutively or concurrently, "unless the aggregate sentence is 'grossly disparate' to the defendant's conduct, or 'viscerally appear[s] as patently unreasonable.'" ***Commonwealth v. Brown***, 249 A.3d 1206, 1212 (Pa. Super. 2021) (citation omitted).

On the merits of his first question, Appellant insists that the court did "not adequately consider [Appellant's] mitigating factors, which included his acceptance of responsibility, his limited prior record, his deeply troubled life, his intellectual disabilities, his mental illness, the amount of violence he has experienced, his positive adjustment in prison including achieving high grades in schooling, and his expression of remorse." Appellant's Br. at 3. He observes that, despite his mitigating factors and his acceptance of guilt, the court sentenced him to what he would have faced if he had pursued a trial, which, he argues, demonstrates that the sentences are "punitive rather than

rehabilitative." *Id.* at 9. He contends that the imposition of consecutive sentences was "unduly harsh and unwarranted." *Id.* at 8.[3]

We reject Appellant's claim, which essentially asks this Court to reweigh the sentencing factors rather than deferring to the sentencing court as required by our standard of review. Upon review, we conclude that the court did not abuse its discretion in weighing the sentencing factors. Rather, the record demonstrates that the sentencing court reviewed the mitigation report and the pre-sentence investigation and that it specifically considered "Appellant's horrible childhood, the fact that Appellant had intellectual disabilities, that Appellant was young when this event occurred, and that he has some mental health issues."[4] Trial Ct. Op., 6/26/24, at 8-9 (citation omitted).

The court explained that in imposing the sentence it "balanced those factors" with Appellant's five prior juvenile adjudications and opportunities for rehabilitation, while also considering "the incredibly immense victim impact." *Id.* at 9; N.T. Sentencing, 12/11/23, at 49-50. At sentencing, the court also commented that "this was a first[-]degree murder case that was pled to third[-

_____

[3] In a footnote, without citation or development, Appellant calls for a revision to the Sentencing Guidelines that would incorporate a checklist of mitigating factors, which in turn would adjust the guideline recommendations to provide "a more appropriate, nuanced sentencing range to impose on a defendant." *Id.* at 8-9 n.5 We do not address the merits of this undeveloped argument. *See* Pa.R.A.P. 2119 (requiring "discussion and citation of authorities as are deemed pertinent").

[4] Appellant was 20 years old at the time of sentencing.

degree.]" N.T. Sentencing at 49-50. In imposing the sentence, the court intended that the sentence would provide Appellant "an opportunity to rehabilitate while in prison." Trial Ct. Op. at 9. In light of this reasoning, we conclude that the court did not abuse its discretion in imposing an aggregate sentence of 21½ to 57 years of incarceration on Appellant for Third-Degree Murder and related crimes, as the sentence was neither excessive nor unreasonable. Accordingly, this issue warrants no relief.

In his second question, Appellant contends that the court imposed manifestly excessive sentences in sentencing him for Carrying a Firearm in Public in Philadelphia and PIC above the aggravated ranges set forth in the Sentencing Guidelines and imposing the sentences consecutively "without articulating adequate reasons for the departure." Appellant's Br. at 3-4. Specifically, the sentencing court's imposition of a minimum sentence of 1½ years of incarceration for Carrying a Firearm in Public in Philadelphia was 3 months above the aggravated range, while his minimum sentence of 1 year of incarceration for PIC was at the top of the aggravated range.[5]

While Appellant claims that the court's reasons for deviating from the standard range of sentences were inadequate, he fails to address or refute the

---

[5] Given Appellant's prior record score of 1, the applicable 7th Edition of the Sentencing Guidelines provides that the standard range for the minimum sentence for Carrying a Firearm in Public in Philadelphia, with an offense gravity score of 5, was 1 to 12 months, with an aggravated range of +3 months. 204 Pa. Code §§ 303.15, 303.16(a) (effective prior to 1/1/24). Likewise, the standard range for a minimum sentence for PIC, with an offense gravity score of 4, was Restorative Sanctions to 9 months imprisonment, with an aggravated range of +3. *Id.*

court's stated reasons for imposing the sentences. Specifically, the trial court explained that it imposed sentences beyond the standard range for these crimes, which related to the firearm, because "Appellant used the firearm in the commission of a murder[.]" Trial Ct. Op. at 10. As Appellant does not dispute this rationale, we conclude that Appellant failed to demonstrate that the sentencing court abused its discretion in imposing sentences above the standard range. Moreover, for the reasons set forth above, the court did not abuse its discretion in imposing the sentences consecutively.[6]

As neither of Appellant's claims warrant relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

_____

[6] Appellant additionally contends that the trial court erred in failing to place its reasons for deviating from the Sentencing Guidelines on the record at sentencing. Appellant's Br. at 5-7. We conclude that Appellant waived this aspect of his argument by failing to preserve it in his motion for reconsideration of sentence or his Pa.R.A.P. 1925(b) statement. In those filings, Appellant preserved his claim that the court failed to state **adequate** reasons on the record, but he did not argue that the court failed to place **any** reasons on the record. *See Commonwealth v. Bullock*, 948 A.2d 818, 825 (Pa. Super. 2008) (observing that an appellant waives a discretionary aspects of sentencing claim "if the appellant does not challenge it in post-sentence motions or by raising the claim during sentencing proceedings"); Pa.R.A.P. 1925(b)(vii).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/1/2025