J-A18002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MELISSA ANN SARVEY | : | |
| | : | |
| Appellant | : | No. 985 WDA 2020 |

Appeal from the Judgment of Sentence Entered August 19, 2020
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000605-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MELISSA A. SARVEY | : | |
| | : | |
| Appellant | : | No. 986 WDA 2020 |

Appeal from the Judgment of Sentence Entered August 19, 2020
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000014-2012

BEFORE: OLSON, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED: December 7, 2021**

Appellant, Melissa A. Sarvey, appeals from the judgment of sentence entered on August 19, 2020 in the Criminal Division of the Court of Common Pleas of Jefferson County. We vacate Appellant's judgment of sentence and remand this matter for further proceedings consistent with this memorandum.

This Court previously summarized the historical facts in this matter as follows:

The relevant facts and procedural history are as follows: On July 26, 2011, while Appellant was incarcerated at the Jefferson County Correctional Facility, she attempted to deliver one-half of a tablet of Oxycodone and one tablet of Zolpidem (Ambien) to another inmate. The incident was recorded on video. Appellant hid the pills under a commissary form and slid them under her cell door toward another inmate's cell. N.T. Trial, 4/16/12, at 126-133. A corrections officer noticed the papers being pushed underneath Appellant's cell door and attempted to pick them up. *Id*. at 94–97. Appellant refused to release the papers, and after a struggle, the officer was able to take the papers away from Appellant. *Id*. at 95. The officer handed the commissary form back to Appellant, and as the officer walked away, she noticed a baggie containing two pills in the place where the paper had been. *Id*. at 96. The officer confiscated the baggie and, following an investigation, Appellant was initially charged with two counts of possession with intent to deliver ("PWID") and two counts of possession of a controlled substance by an inmate ("possession by an inmate"). [Shortly before trial, the court granted a Commonwealth motion to amend its information by adding additional charges. Ultimately, Appellant proceeded to trial on two counts of PWID, two counts of possession by an inmate, two counts of controlled substance to prison, and two counts of criminal attempt].

On April 16, 2012, a jury found Appellant guilty on all charges. On May 17, 2012, the trial court sentenced Appellant to consecutive terms of incarceration of one to three years for one PWID count and one and one-half years to three years for the second PWID count. The court further imposed consecutive terms of incarceration of one and one-half years to three years for each count of possession by an inmate, and a term of incarceration of two to five years for each count of controlled substance to prison. Finding that the criminal attempt convictions merged with the controlled substance to prison convictions, the sentencing court did not impose a sentence for the criminal attempt convictions. The trial court also revoked Appellant's probation on a single count of hindering apprehension at Docket CP-33-CR-605-2007 and sentenced her to an additional term of confinement of one to two years. Finally, the trial court revoked Appellant's probation at Dockets CP-33-CR-662-2008, CP-33-CR-387-2008, and CP-33-CR-388-2008, and resentenced Appellant to five years of

probation at each docket, running concurrent to each other. Appellant's total period of incarceration was ten and one-half to twenty-four years of incarceration followed by five years of probation.

Appellant filed a timely direct appeal, arguing that the trial court erred when it allowed the Commonwealth to amend the charges immediately before trial. [Appellant's sole claim alleged] that the amendment did not allow her sufficient time to adjust her defense strategy and subjected her to mandatory minimum sentences that increased the severity of her penalty. This Court found that Appellant's appeal was without merit because the new charges did not arise from different facts nor would they have required her to alter her trial or defense strategy; thus, she was not prejudiced by the amendment. *See Commonwealth v. Sarvey*, 68 A.3d 368 [(Pa. Super. 2013)] (unpublished memorandum) []. Appellant sought Supreme Court review, which was denied on September 14, 2013. *Commonwealth v. Sarvey*, [74 A.3d 1031] (Pa. 2013).

Appellant sought timely collateral review, and the PCRA court appointed counsel. Counsel filed a no merit letter/petition to withdraw as counsel pursuant to *Commonwealth v. Turner*, [544 A.2d 927 (Pa. 1988)], and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), on February 14, 2014. After receiving notice of the PCRA court's intent to dismiss the PCRA petition without a hearing, Appellant sent the court a letter in which she stated she wanted to continue the appeal. Ultimately, and after a convoluted path and a change of counsel, this Court directed the PCRA court to order Appellant to file an amended PCRA petition within thirty days from the date of our memorandum. Appellant filed her timely amended petition and, following an extensive hearing, the PCRA court denied her petition.

*Commonwealth v. Sarvey*, 199 A.3d 436, 443-444 (Pa. Super. 2018)

(*Sarvey I*), *appeal denied*, 208 A.3d 62 (Pa. 2019).

On appeal from the PCRA court's denial of her petition, Appellant raised

multiple issues, including an ineffective assistance of counsel claim alleging

that trial counsel "fail[ed] to raise on appeal the discretionary aspects of the

[trial] court's sentence." ***Sarvey I***, 199 A.3d at 445. We agreed with Appellant that her discretionary sentencing claim possessed legal merit, that counsel lacked a rational basis to forego a challenge to the discretionary aspects of Appellant's sentence, and that Appellant was prejudiced by counsel's failure to pursue this claim. ***Sarvey I***, 199 A.3d at 456-457 ("Appellant's sentence of over ten years of incarceration for attempt[ing] to pass one and one-half pills ... was unduly harsh and clearly unreasonable given the nature and circumstances of the offenses."). Accordingly, we reversed the order denying Appellant's PCRA petition, vacated Appellant's judgment of sentence, and remanded her case for resentencing "consistent with [our] opinion." ***Id.*** at 457.

On remand, the trial court convened a hearing and, upon conclusion, resentenced Appellant to an aggregate term of eight to 17 years of incarceration, followed by two years of probation. Again, Appellant appealed and, once again, we concluded that the trial court's sentence was clearly unreasonable given the facts and circumstances in this case. ***See Commonwealth v. Sarvey***, 237 A.3d 484, *5 (Pa. Super. 2020) (unpublished memorandum) (***Sarvey II***) ("Here, the trial court resentenced Appellant to an aggregate 17 years of incarceration. Upon review, we again conclude that given the circumstances, the sentence was unreasonable."). Consequently, we vacated Appellant's sentence for a second time and remanded for further proceedings.

On remand, the trial court convened a second resentencing hearing on August 19, 2020. At the conclusion of that hearing, the trial court imposed an aggregate sentence of seven years and three months to 14½ years' incarceration. Appellant once again appealed.[1]

_____

[1] Following the pronouncement of sentence, Appellant filed a notice of appeal on September 18, 2020. On September 21, 2020, the trial court entered an order pursuant to Pa.R.A.P. 1925(b) directing Appellant to file a concise statement of errors complained of on appeal within 21 days. Notwithstanding this directive, counsel did not file a concise statement on Appellant's behalf until January 19, 2021.

The trial court docket states that the court's Rule 1925(b) order was served on defense counsel *via* first class mail on September 21, 2020. In her brief, however, Appellant avers that counsel received neither electronic notification nor traditional mail notification of the Rule 1925(b) order. ***See*** Appellant's Brief at 18. Appellant states further that, "[she] first learned of [the court's September 21, 2020 Rule 1925(b) order] following the [p]rothonotary's January 5, 2021 letter to this Court relating to the transmission of the underlying record[.]" ***See id***. Appellant attributes this breakdown in communications to disruptions occasioned by the COVID-19 pandemic and the related impacts on postal services and judicial operations. The trial court has expressed the view that Appellant's proffered explanations are simply "an excuse to justify [counsel's] failure to exercise diligence to stay informed about the status of [Appellant's] appeal." Trial Court Opinion, 1/20/21.

Even if we adopt the trial court's position that Appellant's counsel failed to exercise proper vigilance in this matter, Pa.R.A.P. 1925(c)(3) permits an appellate court to treat a failure to file and serve a timely concise statement as *per se* ineffectiveness where counsel's actions completely foreclose appellate review. ***See*** Pa.R.A.P. 1925 cmt. In such instances, the rule envisions remand for the filing of a concise statement and the preparation of a Rule 1925(a) opinion. ***See*** Pa.R.A.P. 1925(c)(3) and cmt. Where, however, a concise statement has been served, and the trial court has had the opportunity to prepare an opinion, our case law permits us to reach the merits of an appellate claim. ***See Commonwealth v. Burton***, 973 A.2d 428, 433 (Pa. Super. 2009) ("Thus, if there has been an untimely filing [of a concise statement], this Court may decide the appeal on the merits if the trial court
*(Footnote Continued Next Page)*

On appeal, Appellant raises the following question for our review.

Does sentencing [Appellant] to a maximum sentence in excess of ten years constitute an abuse of discretion because a term exceeding ten years of incarceration "for attempting to pass one and one-half pills" is "clearly unreasonable," *see* ***Commonwealth v. Sarvey***, 199 A.3d 536 (Pa. Super. 2018) (***Sarvey I***) and ***Commonwealth v. Sarvey***[, 237 A.3d 484 (Pa. Super. 2020)] (***Sarvey II***)?

Appellant's Brief at 8.

Appellant's claim challenges the discretionary aspects of her sentence. Our review of the discretionary aspects of a sentence is not a matter of right but must be viewed as a petition for permission to appeal. ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014). We apply a four-part test to assess whether an appellant has validly invoked our jurisdiction to consider the discretionary aspects of a criminal sentence. ***Id.*** In applying this test, we ask whether:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).

---

had adequate opportunity to prepare an opinion addressing the issues being raised on appeal."). Pursuant to ***Burton***, we shall consider the merits of Appellant's claim.

Appellant has complied with the first three prongs of the test by raising her discretionary sentencing claims at the time of sentencing, filing a timely notice of appeal, and including in her brief a Rule 2119(f) concise statement. *See* Appellant's Brief at 12-13. Therefore, we examine whether Appellant presents a substantial question for our review.

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *In re Arrington*, 214 A.3d 703, 709 (Pa. Super. 2019). Appellant alleges that, in the aggregate, her consecutive, guidelines range sentences were excessive. *See* Appellant's Brief at 13. She further argues that "a sentence exceeding ten years for attempting to pass one and a half pills is 'clearly unreasonable.'" *Id*. at 9-10. Appellant has cited pertinent legal authority which can be read to support the assertion that the sentence imposed in this case was inappropriate under the sentencing code. Moreover, while we note that the trial court decreased Appellant's maximum sentence from 17 years to 14½ years, upon review, we again conclude that the sentence was unquestionably harsh under the circumstances. *See Sarvey I*, 199 A.3d at 455-456 ("Although we are cognizant of the danger of any amount of drugs in a prison setting and realize the sentencing court was familiar with Appellant's history .... [w]e also note that Appellant's crime did not involve violence. Further, we

reiterate that Appellant's crime involved one episode of attempting to pass a very small quantity of prescription pills."). Thus, Appellant has raised a substantial question. *See Commonwealth v. Moury*, 992 A.2d 162, 171-72 (Pa. Super. 2010) ("[T]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question ... where the aggregate sentence is unduly harsh, considering the nature of the crimes and length of imprisonment."); *Commonwealth v. Dodge*, 77 A.3d 1263, 1271 (Pa. Super. 2013) ("a defendant may raise a substantial question where [s]he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence").

In reviewing Appellant's sentencing claim, we recognize:

Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (citations omitted).

- 8 -

At the outset, we note that, while a trial court on remand must strictly comply with the mandate of an appellate court, "[a]n appellate [c]ourt has no power to impose a sentence; that power is to be exercised exclusively by the trial court and can only be usurped by the legislature." ***Commonwealth v Holiday***, 954 A.2d 6, 10 (Pa. Super. 2008) (citation omitted). "Therefore, where an appellate [c]ourt determines a sentence is illegal or otherwise improper, the [c]ourt may not superimpose its judgment on the trial court by directing the sentence imposed[.]" ***Id.***

In deciding Appellant's prior appeals, we directed the trial court to resentence Appellant. As the imposition of a particular sentence is left to the discretion of the trial court, we do not read our prior rulings as directing a specific sentence on remand. ***See Holiday***, 954 A.2d at 10. Our role is simply to examine Appellant's newly-imposed sentence and determine whether it is excessive or unduly harsh given the nature and circumstances of the offenses. Thus, insofar as Appellant claims the trial court erred or abused its discretion by "flout[ing] this Court's reasoned direction," we reject this contention. ***See*** Appellant's Brief at 15.

While sentencing resides within the sound discretion of our trial court, it is well-settled that a trial court's discretion is not unrestricted. ***See Commonwealth v. Robertson***, 874 A.2d 1200, 1212 (Pa. Super. 2005) (deference owed to sentencing courts does not necessitate rubber-stamp approval of sentences imposed by court) (citation omitted). Otherwise,

"[a]ppellate review of sentencing matters would become a mockery and a sham if all sentences were routinely affirmed under the guise of the discretion of the trial court." *Id.* (citation omitted).

Section 9781(c)(2) of the Sentencing Code provides that, on appeal, this Court, "shall vacate the sentence and remand the case to the sentencing court with instructions if it finds [] the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2). In determining whether a particular sentence is clearly unreasonable,

> the appellate court must consider the defendant's background and characteristics as well as the particular circumstances of the offense involved, the trial court's opportunity to observe the defendant, the presentence investigation report, if any, the Sentencing Guidelines as promulgated by the Sentencing Commission, and the 'findings' upon which the trial court based its sentence.

*Commonwealth v. Coulverson*, 34 A.3d 135, 147 (Pa. Super. 2011) (citation omitted); *see also* 42 Pa.C.S.A. § 9781(d) (factors governing appellate review of record).

At sentencing, the trial court explained its imposition of a 14½-year sentence in this case by emphasizing that Appellant brought two different controlled substances into the jail and attempted to deliver them to another inmate. N.T. Sentencing, 8/19/20, at 13. The court also noted that, while it refrained from imposing statutory maximum sentences, Appellant needed

- 10 -

state parole to assist with her rehabilitation. *See id*. The court offered the following, more detailed, explanation on the record at Appellant's August 2020 hearing.

> That leaves the total amount as no less than seven and one-half nor more that fifteen years in a state correctional institution.
>
> I can clearly put this, there are lots of people that I've given ten years for delivery of one drug as a maximum sentence and five years for delivery for another drug.
>
> So it works out very good for those that are mathematically inclined, ten years for one pill, a consecutive five years for the other half pill. It makes them virtually equal.
>
> I would also say outside the record, every state sentence in Lebanon County of which there are today about five thousand people, get a maximum sentence, the maximum possible maximum sentence. She's not. She still has other probation. I could have given her more.
>
> There are other counties that do that. She clearly needs state parole to guide her, if she really wants to get back with her family and other things to help her with her addiction and other things which are patently obvious from the record.
>
> This may be the most criminogenic type of case that I've seen in nineteen years on the bench.
>
> She did bring [contraband] into the jail. She did deliver it, and she delivered it while she was in solitary – or attempted to deliver it. It didn't quite make it to the other cell, but it wasn't for lack of trying, and that's what the jury found.

N.T. Sentencing, 8/19/20, at 12-13.

We begin by observing that "Pennsylvania's sentencing system, as evidenced by the Sentencing Code and our case law, is based upon individualized sentencing." *Commonwealth v. Walls*, 926 A.2d 957, 967

(Pa. 2007), *citing* **Commonwealth v. Green**, 431 A.2d 918, 920 (Pa. 1981). With this principle in mind, we conclude that the sentencing decision reached in this case, while purportedly based upon a number of relevant factors, did not take into account other compelling factors specific to Appellant and reflective of her criminal convictions. Therefore, we conclude that the sentencing court did not render an individualized sentence in this matter.

Under § 9781(d), our review of the record shall have due regard for the Appellant's background and characteristics, the particular circumstances of the offenses involved, the trial court's opportunity to observe Appellant, the applicable guidelines, and any findings upon which the trial court based its sentencing decision. As such, we believe that the sentencing court properly considered Appellant's criminal history, her rehabilitative needs, and the fact that this case involved the transport and attempted delivery of two contraband substances within the Jefferson County Prison. We cannot agree, however, that the trial court's broad discretion allowed it to consider these factors to the exclusion of other relevant circumstances such as the quantity of drugs involved.[2] Put differently, while it was reasonable for the court to consider the factors it addressed, it was clearly unreasonable for the court to overlook the exiguous amount of contraband at issue in this case. More alarmingly,

---

[2] The trial court's discussion of "sentencing-by-ratio," sentencing practices in other counties, and sentencing under the lawful maximum do not persuade us that Appellant received an individualized sentence in this case.

the trial court has disregarded this clearly relevant factor on more than one occasion.

Finally, when we look to the general standards for sentencing found at 42 Pa.C.S.A. § 9721(b), we conclude that, while the sentencing court exercised an acceptable level of discretion in considering the protection of the public and Appellant's rehabilitative needs, its ultimate sentencing determination was grossly disproportionate to the gravity of Appellant's offenses. Therefore, the sentencing court did not properly consider the requirements of § 9721(b).

Here, the trial court resentenced Appellant to an aggregate 14½ years of incarceration. Upon review, we again conclude that given the circumstances, the sentence was clearly unreasonable. Our prior decisions recognized the danger of any amount of a controlled substance in a prison setting, as well as the trial court's familiarity with Appellant. *See Sarvey I*, 199 A.3d at 455-456. Nevertheless, the sentence imposed in this case is inconsistent with the gravity of Appellant's convictions and the notion of individualized sentences. Hence, we are constrained to again remand this matter for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/7/2021