**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN MICHAEL DUNCAN | : | |
| | : | |
| Appellant | : | No. 1145 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 30, 2022
In the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-CR-0001264-2019

BEFORE:  PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED APRIL 24, 2023**

Brian Michael Duncan appeals from the judgment of sentence imposed following his convictions for corruption of minors and involuntary deviate sexual intercourse – complainant less than 16 years of age ("IDSI").[1] Duncan now argues the trial court abused its discretion by imposing a statutory maximum sentence for IDSI without adequate justification or regard for his prior record score of 0. Duncan also challenges the sufficiency and weight of the evidence supporting his convictions. After careful review, we affirm.

Duncan was charged with IDSI and related offenses based on an interaction with his wife's nephew ("Complainant") in 2016. The trial court

---

[1] *See* 18 Pa.C.S.A. §§ 6301(a)(1)(ii), 3123(a)(7).

summarized Complainant's allegations and the relevant trial testimony as follows:

In 2016, [Complainant] was 13 years old and would babysit his younger cousins while his aunt delivered newspapers. [Complainant] knew [] Duncan … because [Duncan] married his aunt and the two lived together. One night, during wrestling season, [Complainant] went to his aunt's trailer to be with his cousins. [Complainant] sat in the living room with his cousins, and then [Duncan] asked him to enter the bathroom so the two could have a conversation.

[Duncan] shut the bathroom door and gave [Complainant] a Coke in a glass cup. [Duncan] told him to take a sip and [Complainant] testified that he remembered that the drink tasted bitter. Then [Duncan] told [Complainant] to sit on the toilet and [Duncan] sat along the edge of the bathtub. After a period of time, [Duncan] gave [Complainant] a bong with marijuana that was located on a shelf in the bathroom. [Complainant] took a "hit" from the bong and after about 20 to 30 minutes, he felt dizzy and high.

[Complainant] then tried to leave the bathroom, but [Duncan] stopped him and tried to kiss him. [Complainant] told [Duncan] to stop but he did not listen. [Complainant] finally left the bathroom and [Duncan] instructed the other children to go to their rooms. [Duncan] laid [Complainant] down on the couch and unzipped his pants. [Complainant] testified that [Duncan] put his "penis in his mouth" and [Complainant] told him to stop, but [Duncan] did not listen. [Duncan] kept touching [Complainant's] anus and eventually tried to initiate anal sex by sitting [Complainant] on his lap. [Complainant] believed that his pants were down when this occurred.

[Complainant] does not remember what happened next because he blacked out. He does not know how or when [Duncan] stopped. [Complainant] woke up the next morning, saw that he was still on the couch, and noticed that [Duncan] was lying on the other side of the couch. [Complainant's] pants were still unzipped when he woke up. [Duncan] told [Complainant] not to tell anyone what happened. [Complainant] did not tell anyone about the incident … until he was in ninth or tenth grade when he informed his counselor….

Trial Court Opinion, 10/6/22, at 4-6 (citations to record omitted).

Following a jury trial, Duncan was convicted of corruption of minors and IDSI. The trial court deferred sentencing and ordered preparation of a pre-sentence investigation report ("PSI"). On December 22, 2021, the trial court sentenced Duncan to 10 to 20 years in prison for his IDSI conviction and a concurrent term of 3 to 36 months in prison for his corruption of minors conviction.

Duncan filed a timely post-sentence motion, including a motion to modify his sentence. He argued the trial court imposed a sentence outside the aggravated range of the Sentencing Guidelines for his IDSI conviction without stating its reasons for doing so on the record. After a hearing, the trial court vacated Duncan's judgment of sentence and scheduled a resentencing hearing. The court reimposed the same sentence and issued an additional statement to set forth its reasons for sentencing beyond the guidelines.

Duncan again filed a post-sentence motion, asserting the trial court's statement did not adequately explain why this case is significantly different from others involving similar offenses. He also challenged the weight and sufficiency of the evidence. The trial court denied Duncan's post-sentence motion, and this timely appeal followed.

On appeal, Duncan raises the following issues for our review:

A. Did the trial court commit an abuse of discretion when it sentenced [] Duncan to the statutory maximum for his conviction for [IDSI], where at the time of sentencing [] Duncan's prior record score was a zero, and there were no facts adduced at trial

or sentencing to demonstrate how this case is significantly different than other cases where a defendant was convicted of the same or similar offenses and received a standard range sentence, and where the sentence imposed was 3 and ½ years longer than an aggravated range sentence[?]

B. Did the trial court commit reversable error when it denied [] Duncan's post-sentence motion for judgment of acquittal on the basis that there was insufficient evidence presented at trial to support the convictions for corruption of minors and [IDSI?]

C. Did the trial court commit reversable error when it denied [] Duncan's post-sentence motion for a new trial on the basis that the verdicts were against the weight of the evidence?

Appellant's Brief at 6-7.

We will address these claims out of order, beginning with the sufficiency of the evidence claim, as success on that issue warrants discharge on the pertinent crime. *See Commonwealth v. Toritto*, 67 A.3d 29, 33 (Pa. Super. 2013). Duncan argues there was insufficient evidence to support his convictions, citing, in part, Complainant's nearly two-year delay in reporting. *See* Appellant's Brief at 26-27. Duncan also describes Complainant's testimony as "problematic," because Duncan could not remember specific portions of his conversation with Duncan while in the bathroom, and he could not explain "how all of what happened to him was accomplished in the wide-open living room of [] Duncan's trailer…." *Id.* at 27.

Duncan's argument on this issue contains only a single, cursory citation. *See* Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."). Duncan also fails to identify the specific element or elements of corruption of minors and

- 4 -

IDSI or how the evidence presented at trial failed to establish those elements. *See Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) ("In order to develop a claim challenging the sufficiency of the evidence properly, an appellant must specifically discuss the elements of the crime and identify those which he alleges the Commonwealth failed to prove."). Duncan's first claim is not properly developed for our review and therefore, it is waived. *See Samuel*, 102 A.3d at 1005.

Even if Duncan had properly preserved this issue for review, we would conclude that it lacks merit. Duncan's argument highlights the vagueness and uncertainty of Complainant's testimony at trial. As such, Duncan's argument is essentially an argument that the jury should not have found Complainant's testimony credible. This is a challenge to the weight of the evidence, not its sufficiency. *See Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 160 (Pa. Super. 2007).

While we acknowledge that at a certain point, vagueness in testimony may create an issue of sufficiency, we conclude that the vagueness highlighted by Duncan here does not rise to that level. First, we note that Complainant's testimony indicated that Duncan had intentionally drugged him before assaulting him. As such, a jury could reasonably conclude that any vagueness was the result of the drugging, and not due to any attempt to mislead the jury. Second, Complainant was not vague in his testimony about Duncan's conduct. The vagueness highlighted by Duncan concerns the surrounding

circumstances, not the testimony that directly supports the conviction. Therefore, Duncan's sufficiency challenge would merit no relief in any event.

Next, Duncan claims the verdicts were against the weight of the evidence. Duncan incorporates his sufficiency argument, and also asks this Court to reconsider the credibility of his trial testimony. **See** Appellant's Brief at 28-29.

Duncan, citing only to this Court's standard of review and to his underdeveloped sufficiency argument, fails to develop this claim for appellate review as well. **See** Pa.R.A.P. 2119(a); **Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa. Super. 2007) (stating that this Court will not "scour the record to find evidence to support an argument"). Therefore, this claim is waived.

As with his sufficiency claim, we would find Duncan's weight of the evidence claim meritless even if properly preserved. A challenge to the weight of the evidence asks the trial court to determine whether the verdict is so shocking to the trial court's sense of justice that a new trial is required. **See Commonwealth v. Boyd**, 73 A.3d 1269, 1274 (Pa. Super. 2013) (*en banc*). On appeal, our review is limited to the question of whether the trial court abused its discretion by denying a new trial. **See id.** at 1275.

Here, the trial court concluded that the verdict did not shock its conscience. **See** Trial Court Opinion, 10/6/22, at 14. The court noted that this case represented a simple conflict in testimony between Complainant and

Duncan. **See id.** The court found no reason to overrule the jury's credibility determination. **See id.** As we cannot conclude this reasoning represents an abuse of discretion, Duncan's challenge to the weight of the evidence would merit no relief even if properly preserved.

In his final issue, Duncan claims the trial court abused its discretion by imposing the statutory maximum sentence for IDSI, which is beyond the aggravated range of the Sentencing Guidelines. **See** Appellant's Brief at 14. There is no automatic right to appeal the discretionary aspects of a sentence. **See Commonwealth v. Mrozik**, 213 A.3d 273, 275 (Pa. Super. 2019). Instead, an appellant must invoke this Court's jurisdiction. **See Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

> We conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> * * *
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (quotation marks, brackets, and some citations omitted).

Here, Duncan preserved his claim in a post-sentence motion and filed a timely notice of appeal. Duncan also included a separate Rule 2119(f) statement in his appellate brief, asserting the trial court imposed an excessive sentence, beyond the aggravated range of the Sentencing Guidelines, with primary consideration given to the impact on Complainant. *See* Appellant's Brief at 17-18. Duncan argues the court gave "short shrift" to his rehabilitative needs and failed to consider that he poses a low risk to the community. *See id.* at 18. We conclude Duncan has raised a substantial question for our review, and we proceed to the merits of his sentencing challenge. *See Commonwealth v. Holiday*, 954 A.2d 6, 10 (Pa. Super. 2008) ("A claim that the sentencing court imposed a sentence outside of the guideline ranges without specifying sufficient reasons presents a substantial question for our review."); *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 2001) ("A claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guidelines presents a 'substantial question' for our review.").

We review discretionary sentencing challenges with great deference to the sentencing court:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather,

the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Bullock*, 170 A.3d 1109, 1123 (Pa. Super. 2017) (citations and quotation marks omitted).

"In every case in which the court imposes a sentence for a felony … the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b); *see also Commonwealth v. Mouzon*, 812 A.2d 617, 620-21 (Pa. 2002) (plurality). "In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa. Super. 2014) (citation omitted). The trial court must also consider the Sentencing Guidelines. *See* 42 Pa.C.S.A. § 9721(b); *see also Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (stating that "[w]hen imposing a sentence, the [trial] court is required to consider the sentence ranges set forth in the Sentencing Guidelines….").

A court may impose a sentence beyond the Sentencing Guidelines so long as it adequately states its reasons for doing so. *See Eby*, 784 A.2d at 206-07; *Holiday*, 954 A.2d at 11. The Sentencing Guidelines are intended to be advisory only and therefore do not bind a sentencing court. *See Holiday*, 954 A.2d at 11. The Sentencing Guidelines "do not predominate over

individualized sentencing factors and [] they include standardized recommendations, rather than mandates, for a particular sentence." *Id.* (citation omitted).

It is undisputed that Duncan had a prior record score of zero. Duncan's conviction of IDSI carries an offense gravity score of 12; therefore, the Sentencing Guidelines recommend a minimum sentence of 48 to 66 months in prison, plus or minus 12 months for aggravating or mitigating circumstances. *See* 204 Pa. Code § 303.16(a). Because IDSI is a first-degree felony, the statutory maximum sentence is 20 years. *See* 18 Pa.C.S.A. § 1103(1). The trial court therefore imposed the statutory maximum sentence, which was beyond the aggravated range of the Sentencing Guidelines based on the offense gravity score and Duncan's prior record score.

During the sentencing hearing, the trial court heard from Complainant, who testified about the lasting effects the incident has had on his life. *See* N.T., Sentencing, 12/22/21, at 4-5; *see also id.* at 32 (wherein the trial court described Complainant's testimony as "impactful"). In its statement issued upon resentencing, the trial court highlighted the lasting and profound impact of the sexual assault on Complainant. *See* N.T., Resentencing, 3/30/22, at 1 (unnumbered). The court acknowledged that Duncan had completed various programs provided by the prison, but it remained "circumspect as to whether or not the community would be safe absent him being removed from [the community] through total confinement." *Id.* at 2-3 (unnumbered). The trial

court also stated a standard range sentence "would undermine recognition of what had happened in this case and the consequences of it[,] which were significant." *Id.* at 3 (unnumbered).

The record in this case confirms the trial court was aware of and considered all relevant sentencing factors in fashioning Duncan's sentence beyond the aggravated range of the Sentencing Guidelines. Moreover, where, as here, the trial court has the benefit of a PSI, "we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Moury*, 992 A.2d at 171 (internal quotation marks and citations omitted). While Duncan's sentence is outside the guidelines, we reiterate that the Sentencing Guidelines are advisory, and a trial court must ultimately impose an individualized sentence based upon relevant factors. *See Holiday*, 954 A.2d at 11. Nothing in our own examination of the record leads us to conclude the trial court imposed an unreasonable sentence without proper consideration of the general standards set forth in the Sentencing Code. Based upon the foregoing, and because we otherwise discern no abuse of the trial court's sentencing discretion, Duncan is not entitled to relief on this claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/24/2023